**William Carlton SUITER, Appellant,**

v.

**Raymond G. WOODARD, et al., Appellees.**

No. 10–81–050–CV.

Court of Appeals of Texas, Waco.

June 17, 1982.

Rehearing Denied July 15, 1982.

David F. Beale, Houston, for appellant.

J. Michael Dorman, Liddell, Sapp, Zivley, Brown & LaBoon, William G. Nedd, Law Offices of Ed Tynes, Billy Lee, Asst. County Atty., Thomas B. Foster, Clifton & Foster, Houston, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Suiter from an instructed verdict he take nothing in suit

to enforce an option to buy a house and lot; and from assessment of an attorney ad litem fee against him.

Plaintiffs Don Little and wife had several lawsuits with defendant Woodard concerning a house and lot. On January 21, 1977 the Littles and Woodard signed an agreement settling all lawsuits and disputed matters between such parties. In such agreement the Littles acknowledged Woodard to be the owner of the property; Woodard agreed to sell the property to the Littles or their designate for $56,000.00 plus all costs related to the sale; and Woodard was to deliver a general warranty deed (excepting certain items not material here). There existed an approximate $42,000.00 first lien on the property in favor of Holland Mortgage Company. The Littles' rights to the property terminated on March 19, 1977 if they did not submit a contract to Woodard, which complied with the settlement agreement before that time. The Littles and Suiter as designate of the Littles submitted a contract to Woodard on March 18, 1977 which offered some $14,000.00 cash and an assumption by Suiter of the Holland note. Woodard rejected the contract because it called for an assumption of the Holland note instead of tendering $56,000.00 cash.

Suiter's attorney attempted to cure Woodard's objection by adding an addendum to the contract: "I [purchaser] agree that seller will be relieved of all liability upon closing on the first lien note to Holland Mortgage Company, and that the note will be assumed by me as the sole obligor as of that date". Woodard still rejected the contract, and thereafter caused the Littles to be evicted by the constable (and a moving company) from the house.

Plaintiffs Little and wife, and Suiter then sued Woodard seeking to enforce the option to purchase the property provided for in the settlement agreement between the Littles and Woodard; and the Littles and their two minor children sued the moving company, its insurance carrier and the constable and two of his deputies for wrongfully evicting them, and for damages to their possessions.

The trial court appointed an attorney ad litem to represent the interest of the two minor Littles children.

After plaintiffs rested, defendant Woodard moved for an instructed verdict as to plaintiffs' claims against him for enforcement of the option contract to sell the property to plaintiffs, which was granted by the trial court.

The Littles' case for wrongful eviction and damages against the other defendants continued before the jury and resulted in verdict the moving company was negligent in removing the Littles' possessions from the premises and fixed their damages.

The trial court thereafter rendered judgment plaintiffs Little and wife and Suiter take nothing against defendant Woodard; plaintiffs Little and wife recover $1428.00 against the moving company and its insurance carrier; the two Littles' minor children recover $148.76 against the moving company and its insurance carrier; and fixed the fee for the minor children's attorney ad litem at $5000.00 prorated as follows: $1000.00 against Woodard, $1000.00 against the Moving Company, $1000.00 against its Insurance Carrier, $500.00 against Mr. & Mrs. Little, and $1500.00 against plaintiff Suiter.

Plaintiff Suiter only appeals.

Point 1 asserts the trial court erred in granting Woodard's motion for instructed verdict and in rendering judgment Suiter take nothing because the evidence does not show as a matter of law that Suiter is not entitled to enforcement of the [option] contract.

■ Suiter was the Littles' designate to purchase the property under the option created in the Littles' settlement agreement with Woodard. The agreement provided that the purchase price was $56,000.00. Woodard was obligated to convey the property by a general warranty deed (subject only to items not pertinent here). The property had a first lien against it for some $42,000.00 in favor of Holland Mortgage Company. Suiter's proposed contract and tender was not according to the offer in settlement agreement, but was for some

$14,000.00 cash and an assumption of the Holland note. Suiter's attorney added an addendum stating: "seller will be relieved of all liability upon closing on the first lien note to Holland and that the note will be assumed by me as sole obligor * * *". No offer of $56,000.00 cash was ever made by Suiter to Woodard by contract prior to March 19, 1977; and on trial an officer of Holland Mortgage Company testified that Holland would not release an obligor from liability on a note even though a purchaser assumed such note.

■ An option must be accepted strictly in accordance with its terms. *Zeidman v. Davis*, 161 Tex. 496, 342 S.W.2d 555; *Hutcherson v. Cronin*, (Tyler) NWH, Tex. Civ.App., 426 S.W.2d 638; *Vratis v. Baxter*, (Beaumont) NRE, Tex.Civ.App., 315 S.W.2d 331. *Vratis*, supra expresses the rule thusly:

"Acceptance of an option, to be effectual must be unqualified, absolute, unconditional, unequivocal, unambiguous, positive, without reservation and according to the terms or conditions of the option. Substantial compliance with the terms of the option is held not sufficient to constitute an acceptance; and an attempted acceptance which modifies any of the terms of the option is ineffective".

Suiter's attempted acceptance of the option modified its terms and was ineffective.

Point 1 is overruled.

Point 2 asserts the trial court erred in assessing any portion of the attorney ad litem's fees against Suiter.

This case contained two separate causes of action. First, plaintiffs Little, his wife and Suiter sued Woodard in contract to enforce an option to purchase real property. Secondly plaintiffs Little, his wife and their two minor children sued the constable, his deputies, a moving company and its insurance carrier, in tort, for wrongfully evicting them from a house, and for negligence in handling their furniture and property.

The trial court initially assessed all of the attorney ad litem fees for the two minor children against parties other than Suiter, but on rehearing of the matter assessed $1500.00 of such fees against him.

Rule 131 TRCP provides a successful party shall recover of his adversary all costs incurred therein, except where otherwise provided; and Rule 141 TRCP provides the court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these Rules.

■ Normally the taxing of an attorney ad litem fee for minor parties is in the discretion of the trial court. *Costal States Gas Prod. Co. v. Locker*, (Houston 14) NWH, Tex.Civ.App., 436 S.W.2d 592; *Lofton v. Norman*, (Corpus Christi) NRE, Tex. Civ.App., 508 S.W.2d 915.

Suiter was neither adverse nor on the same side as the minor plaintiffs. He was a part of a different cause of action, although a part of the same lawsuit.

■ We think good cause was lacking to tax $1500.00 of the attorney ad litem fees against Suiter under this record, and that to do so was an abuse of discretion.

Point 2 is sustained.

The judgment is modified to delete the taxing of all attorney ad litem fees against Suiter, and is in all other respects affirmed.

Costs of appeal are taxed one-half against Suiter and one-half against appellees.

MODIFIED & AFFIRMED.