Thomas C. NIXON, III, et ux, Appellants,

v.

W.D. SIPES, Appellee.

No. 9183.

Court of Appeals of Texas, Texarkana.

Jan. 10, 1984.

Rehearing Denied Jan. 31, 1984.

**224**

William T. Hall, William T. Hall & Associates, P.C., Austin, for appellants.

Edward E. Lindsay, Houston, for appellee.

BLEIL, Justice.

Thomas C. Nixon, III, and his wife appeal from a judgment in a trespass and conversion suit. They contend that the trial court erred in defining the term "trespasser" and in taxing part of the costs against them. We modify the judgment to properly assess court costs and affirm.

The Nixons argue that the trial court incorrectly defined the term trespasser. The trial court asked the jury whether Sipes trespassed upon the Nixons' land, instructing the jury that a trespasser is one who enters on land without having title to it and without actual or apparent consent of the true owners. Nixon objected and requested a definition which required a person to have actual consent of the true owner.

▮▮▮ While the requested definition of trespasser is more narrow than that given, the court's definition is also correct. Consent to enter upon land may be actual or apparent; evidence indicated entry with apparent authority. *Texas-Louisiana Power Co. v. Webster*, 127 Tex. 126, 91 S.W.2d 302 (1936); *Rowland v. City of Corpus Christi*, 620 S.W.2d 930 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). Rule 277, Tex.R.Civ.P., provides that the court shall give explanatory instructions and definitions so that the jury may be able to render a verdict. The form of definitions rests within the sound discretion of the court. *Wolters v. Wright*, 649 S.W.2d 649 (Tex.App.—Texarkana 1982, writ ref'd n.r.e.); *Houston National Bank v. Biber*, 613 S.W.2d 771 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). The court gave a correct definition and did not err in its submission of explanatory instructions and definitions.

▮▮▮ The Nixons also maintain that the taxing of costs against them violates Rules 131 and 141, Tex.R.Civ.P. The judgment awarded the Nixons damages but taxed costs against the party incurring them. Rule 131 provides that a successful party to a lawsuit shall recover all costs incurred except where otherwise provided. Rule 141 provides that the court may, for good cause, to be stated on the record, adjudge the costs other than as provided by law or the rules. A successful party as contemplated by Rule 131 is one who obtains a judgment of a competent court vindicating a civil claim of right. *Siepert v. Brewer*, 433 S.W.2d 773 (Tex.Civ.App.—Texarkana 1968, writ ref'd n.r.e.). Because the record does not reflect any stated reason for assessing costs other than as required by Rule 131, we find that the trial court erred in assessing costs in the manner that it did. *Neal v. Ardoin*, 594 S.W.2d 145 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

We modify the judgment to assess all costs against W.D. Sipes, and as modified, we affirm.