Katherine COLLERAIN and Barbara Stevenson, d/b/a the Nutt Shell Eatery, Appellants,

v.

The CITY of GRANBURY, Texas, Appellee.

No. 2-87-010-CV.

Court of Appeals of Texas, Fort Worth.

Nov. 3, 1988.

Rehearing Denied Dec. 1, 1988.

McMillan & Lewellen, P.C. and Garry Lewellen, Stephenville, for appellants.

Henderson Bryant & Wolfe and Ronald H. Clark, Sherman, for appellee.

Before FENDER, C.J., and FARRIS and KELTNER, JJ.

## OPINION

KELTNER, Justice.

This is an appeal involving a discrimination claim brought by Katherine Collerain and Barbara Stevenson, owners of the Nutt Shell Eatery, against the City of Granbury. Specifically, Collerain and Stevenson claimed damages as a result of their business being charged electric rates higher than those of similarly situated customers.

The case was tried to a jury. Collerain and Stevenson obtained findings that the City had discriminated against them in electric rates, but the discrimination was not malicious. No damage issue was submitted. However, the jury awarded $5,000 in attorneys' fees.

The trial court entered a judgment n.o.v. that Collerain and Stevenson take nothing, but the trial court ordered each side to pay their respective costs. Collerain and Stevenson appeal from the adverse judgment. Additionally, the City brings a cross appeal from that part of the judgment ordering each party to pay its own costs.

We reform the court's judgment, and as reformed, affirm the judgment of the trial court.

The facts giving rise to this case deal with the City of Granbury's supply of electric power to its citizens and businesses. In 1982, the Granbury City Council became concerned about electric utility rates. As a result, two studies were initiated to analyze the rate design and propose recommendations. After the studies were complete, the City Council passed an ordinance which imposed a higher demand rate on the highest users of electricity at times of peak usage.

Under the new plan, commercial users were classified as large users or small users depending on their average monthly use. The Nutt Shell Eatery, owned by Collerain and Stevenson, was classified as a larger user and was subject to the higher demand rate from April of 1984 through May of 1985.

In May, 1985, the City Council modified the user classification system by classifying The Nutt Shell Eatery and ten other commercial users as small commercial users. Since June, 1985, Collerain and Stevenson have paid smaller electricity bills due to their reclassification as a small user. Collerain and Stevenson claim they were overcharged $2,523.77 between October, 1984 and May, 1985. They claim they would not have been charged this amount but for the discrimination of the City of Granbury in classifying them as a larger user, while other similarly situated businesses were classified as small users.

As a result, Collerain and Stevenson brought suit against the City for discrimination and overcharging for this period. As damages, they asked for a refund of excess billings, past and future lost profits, exemplary damages, attorneys' fees, and a writ of mandamus directing the City to charge The Nutt Shell Eatery the small commercial rate in the future.

█ In a rate case, plaintiff can recover damages in any of three ways. Plaintiff can recover if it pleads and proves: (1) the rate was unreasonable and arbitrary; or (2) it was charged more than it should have been under the ordinance (overcharge); or (3) it suffered special damages because a competitor was charged less (discrimination). *United Gas Corp. v. Shepherd Laundries Co., Inc.*, 144 Tex. 164, 189 S.W. 2d 485, 487–88 (1945); *Kousal v. Texas*

*Power & Light Co.*, 142 Tex. 451, 179 S.W. 2d 283, 287 (1944).

Collerain and Stevenson brought suit seeking damages for both discrimination and overcharge. They did not plead that the rate was unreasonable and arbitrary.

■■■ An overcharge occurs when the rate charged is "unreasonable in and of itself" irrespective of the rate charged other similarly situated customers; or an overcharge occurs when the rate charged is in excess of the rates established for the particular customer or business. By contrast, discrimination may occur from a mere inequality of rates charged similarly situated customers. Therefore, every overcharge, when one customer is charged more than other similarly situated customers, is a discrimination; but not every discrimination is an overcharge. *Shepherd Laundries*, 189 S.W.2d at 487.

In a suit for overcharge, the rates other consumers pay are irrelevant. Instead, the plaintiff must prove the rate charged was "unreasonable in and of itself." *Id.* In the instant case, Collerain and Stevenson did prove a case of discrimination and obtained a jury finding in their favor. However, there is no evidence that the rate was unreasonable and Collerain and Stevenson failed to obtain a finding on overcharge.

In their first point of error, Collerain and Stevenson contend the trial court erred in failing to enter judgment for them for loss of business profits. Specifically, Collerain and Stevenson argue they were entitled to damages because they obtained a jury finding on discrimination and the amount of damages was uncontroverted.

We disagree.

■■■ Simply stated, Collerain and Stevenson base their contention on their belief that the difference between one rate and another is the measure of damages in a discrimination case. There is authority to support this proposition. *Saul's Stores, Inc. v. Texas Electric Service Co.*, 87 S.W. 2d 821, 822 (Tex.Civ.App.—Fort Worth 1935, no writ); *Texas Power & Light Co. v. Hilltop Baking Co.*, 78 S.W.2d 718, 721 (Tex.Civ.App.—Waco 1935, writ dism'd).

However, several subsequent cases clarified the law in this area. *Shepherd Laundries*, 189 S.W.2d at 490–91; *Kousal*, 179 S.W.2d at 287. In *Kousal* and *Shepherd Laundries*, the Supreme Court held that the difference between one rate and another is not the measure of damages suffered. Simply because a governmental entity inadvertently fails to collect the full amount due for one rate payer does not entitle another rate payer to a refund. *Shepherd Laundries*, 189 S.W.2d at 490–91.

■■■ As set out in *Kousal* and *Shepherd Laundries*, Collerain and Stevenson could have attempted to show they paid more than was allowed by the rate ordinance and then recovered that overcharge. However, they failed to obtain a jury finding on overcharge. On the other hand, they did obtain a jury finding on discrimination. They failed to submit an issue and therefore did not obtain a jury finding for any special damages such as lost profits. In its objection to the court's charge, the City of Granbury pointed out the problem of lack of proof and the absence of a damage issue. We have reviewed the appellate record in great detail and find no evidence of lost profits or other type of special damages. Therefore, we must overrule Collerain and Stevenson's first point of error.

In their second point of error, Collerain and Stevenson contend the trial court erred in failing to enter judgment for their attorneys' fees. Specifically, Collerain and Stevenson argue that they were awarded attorneys' fees in answers to the questions submitted to the jury. Therefore, they contend they are entitled to attorneys' fees as a matter of law. Alternatively, they argue that they may recover attorneys' fees under a contract rather than a tort theory. *See* TEX.CIV.PRAC. & REM.CODE ANN. sec. 38.001 (Vernon 1986).

■■■ Attorneys' fees are not recoverable either in an action in tort or in contract, unless expressly provided by statute or by contract between the parties. *Knebel v. Capital National Bank*, 518 S.W.2d 795, 803–04 (Tex.1974); *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.

2d 914, 915 (Tex.1967). There are several reasons why Collerain and Stevenson are not entitled to attorneys' fees in this case. First, their discrimination claim does not sound in contract and therefore, attorneys' fees are not recoverable under section 38.-001(8) of the Texas Civil Practice & Remedies Code. Second, they were not successful in their discrimination claim because they were not awarded damages. Section 38.001 requires a favorable finding on a valid claim. Third, the record reveals that the only evidence of attorneys' fees came from the testimony of appellants' lawyer, Garry Lewellen. The City argues in its cross-point that the trial court erred in allowing Lewellen, a non-designated expert, to testify. Although Lewellen was the attorney of record, the general rule is that if an expert is not designated, after the proper request, at least thirty days prior to the beginning of trial, the expert may not be called at trial. TEX.R.CIV.P. 166b(6)(b), 215(5); *see also E.F. Hutton & Co., Inc. v. Youngblood*, 741 S.W.2d 363, 364 (Tex.1987).·

The only exception to this rule is for determination of good cause, made on the record by the trial court. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986). In the instant case, there was no finding of good cause made on the record. As a result, the trial court erred in allowing Lewellen to testify.

Therefore, the second point of error is overruled.

In their third point of error, Collerain and Stevenson argue the trial court erred in overruling their "Motion for New Trial or Judgment." In their motion, Collerain and Stevenson argue that "[a]t the very least, the Court has erred by failing to render a judgment for nominal damages in favor of Plaintiffs." As we stated in our discussion under the first point of error, Collerain and Stevenson did not prove damages due to discrimination as a matter of law. Inasmuch as they did not establish damages as a matter of law and did not request a jury question on damages they are not entitled to damages. As a result, we overrule the third point of error.

The City of Granbury raises one additional cross-point in its brief. Specifically, the City argues that the trial court erred in assessing costs to the parties who incurred them. The City argues that since the trial court entered a take nothing judgment, the City is the prevailing party and should not be forced to bear its own cost. TEX.R.CIV.P. 131 provides:

> The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided.

TEX.R.CIV.P. 141 provides:

> The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules.

The trial court taxed costs to the party incurring them; but, it provided no explanation for requiring the City to bear its own costs. In a recent case, the Texas Supreme Court held that the court of appeals erred when it reformed the trial court's judgment by assessing costs evenly to the parties. The Supreme Court held that taxing costs against the successful party in the trial court is contrary to TEX. R.CIV.P. 131. *Martinez v. Pierce*, 759 S.W.2d 114 (Tex.1988). As a result, we determine the prevailing party to be the City of Granbury and hold the trial court erred in ordering the City of Granbury to bear its own costs. Rule 141 does allow the trial court to depart from Rule 131's requirement that the successful party recover its cost. However, Rule 141 requires that good cause be stated on the record for such a deviation. Since there is no cause stated in the record, we reform the judgment to reflect that all costs are taxed against Collerain and Stevenson.

As reformed, we affirm the judgment of the trial court.