**Allen DENNEY, Appellant**

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

**No. 9777.**

Court of Appeals of Texas, Texarkana.

Aug. 29, 1989.

Gregory B. Enos, Burwell & Enos, Inc., Texas City, for appellant.

Jack R. Martin, Houston, for appellee.

GRANT, Justice.

Denney appeals a workers' compensation case in which the trial court entered a take-nothing judgment in favor of Texas Employers Insurance Association (TEIA).

Denney contends that the trial court erred in entering a take-nothing judgment and taxing costs against him, and in failing to award him $600.00 in past medical benefits and lifetime medical benefits based upon the jury's findings.

The jury found that Denney was injured in the course and scope of his employment, but that he had no total or partial incapacity caused by the injury. The jury further found that Denney had incurred $600.00 in medical expense as a result of the on-the-job injury, but no mention of this finding is made in the judgment.

TEIA states that the parties stipulated that TEIA had paid past compensation and medical benefits. In the defendant's response to plaintiff's motion for new trial, TEIA states that there was a stipulation that any award for medical damages would be off-set by a $2,000.00 settlement from a third party. In his brief, Denney agrees that there was a stipulation but contends that no off-set amount was ever established.

No statement of facts has been filed. Rule 50(d) of the Rules of Appellate Procedure places the burden on the appellant to see that a sufficient record is presented to show error requiring reversal. In the absence of a record showing that the trial

court improperly failed to grant the $600.00 in medical benefits, no error is shown.

▮ Next, Denney complains about the trial court's taxing court costs against him. Rule 131 of the Rules of Civil Procedure provides that the successful party to a suit shall recover all costs incurred except where otherwise provided. The party in whose favor a take-nothing judgment is entered is the prevailing party. *Collerain v. City of Granbury*, 760 S.W.2d 364 (Tex. App.—Fort Worth 1988, no writ). Thus, the trial court did not err in taxing the court costs against Denney.

▮ Next, we address Denney's contention that he should have been awarded lifetime future medical benefits. No jury question was submitted on future medical benefits. Denney is entitled to the payment of future medical costs attributable to the on-the-job injury and may seek recovery of these benefits when they accrue. The Industrial Accident Board has continuing jurisdiction and may make an award for medical care furnished after the date of the original award or judgment. *Transport Insurance Company v. Polk*, 400 S.W.2d 881 (Tex.1966).

The judgment of the trial court is affirmed.