Michael A. SCHOLL, Appellant,

v.

HOME OWNERS WARRANTY CORPORATION, Appellee.

No. 04–90–00558–CV.

Court of Appeals of Texas, San Antonio.

June 5, 1991.

Adam Poncio, Joel H. Pullen, Gay Gueringer, Kaufman, Becker, Pullen & Reibach, Inc., San Antonio, for appellant.

Joel H. Klein, Klein & Klein, Inc., James N. Higdon, Bass, Higdon & Hardy, Inc., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

This is a suit for reimbursements under the provisions of a Builder's Agreement brought by appellee, Home Owners Warranty Corporation,[1] against appellants, Michael A. Scholl, individually, and d/b/a Michael A. Scholl Enterprises, formerly d/b/a Michael A. Scholl Enterprises, Inc.

Only appellants, Michael A. Scholl, individually, and d/b/a Michael A. Scholl Enterprises, countersued for mental anguish to Michael A. Scholl, individually, and for other damages to Michael A. Scholl Enterprises caused by appellee's negligence in failing to mitigate its damages and, in claiming that Scholl, individually, and

Scholl Enterprises, was liable under the Builder's Agreement. To sustain this contention, Michael A. Scholl, individually, and d/b/a Michael A. Scholl Enterprises, insisted in all his pleadings that he was never a party to the Builder's Agreement, and had no obligation under it.

After a trial by jury, the jury found that Michael A. Scholl, in his individual capacity, was not indebted to appellee and, that appellee wrongfully brought suit against Michael A. Scholl, individually. The jury further found that appellee failed to mitigate its damages by its refusal to allow Michael A. Scholl to perform repairs to the home in question. Further, the jury responded that $20,000.00 was a reasonable and necessary amount for attorneys' fees for Michael A. Scholl, individually, for the preparation and trial; $4,000.00 for appeal to the Court of Appeals; and, $4,000.00 for appeal to the Supreme Court of Texas.

Although the record fails to reflect any motion to disregard jury findings, a judgment was entered which did not include attorneys' fees for the appellant. The judgment further denied all relief sought by appellant and appellee and adjudged costs of court against parties incurring the same.

The issues are whether the trial court erred in:

1) entering a judgment which failed to include attorneys' fees for appellant because there was sufficient evidence to support the jury finding on attorneys' fees, the judgment fails to conform to the jury verdict, and appellant was entitled to attorneys' fees under the Builder's Agreement; and

2) entering a judgment which failed to award the appellant, as the prevailing party in the litigation, its costs.

Appellee, Home Owners Warranty Corporation administers a builder's warranty and insurance program on behalf of its member builders under a Builder's Agreement, the subject of this suit. Under the provisions of the Builder's Agreement, when a builder becomes a member of

---

1. Hereinafter referred to as "HOW."

HOW, he agrees that he will build homes according to certain standards and have certain inspections performed. The builder is the actual insured and passes the coverage on to the home buyer when the home is sold. Under the contract, from the time that the home is sold until two years later, the home builder is given an opportunity to make repairs. If the repairs are not made, HOW makes the repairs and looks to the builder for recovery of costs. The Builder's Agreement reflects that *Michael A. Scholl Enterprises, Inc.* alone became a builder member of HOW. Thereafter, Michael A. Scholl Enterprises, Inc. built the DiMaio home, which was, in turn, enrolled in the HOW program. However, prior to the enrollment of the DiMaio home in the program, Michael A. Scholl Enterprises, Inc. submitted articles of dissolution to the Texas Secretary of State, and ceased to exist.

Complaints were filed with HOW under the Builder's Agreement, alleging defects in the construction of the DiMaio home. Although *Michael Scholl Enterprises (not Michael Scholl Enterprises, Inc.)* volunteered to do the required repairs, it was never given the opportunity by HOW. Instead, HOW instigated procedures under the program which eventually resulted in HOW expending $13,000.00 for the required repairs. HOW subsequently filed this suit seeking reimbursement for the amount paid.

The actual findings of the jury are set forth as follows:

QUESTION NO. 1. From a preponderance of the evidence do you find that MICHAEL A. SCHOLL, in his individual capacity, is indebted to the Plaintiff, HOME OWNERS WARRANTY CORPORATION?

ANSWER: *WE DO NOT*

. . . . .

QUESTION NO. 3: Do you find that HOW wrongfully brought suit against MICHAEL A. SCHOLL individually?

ANSWER: *YES*

If you have answered Question No. 3, "Yes", and only in that event, then an-swer Question No. 4; otherwise, do not answer Question No. 4.

QUESTION NO. 4: What amount of money, if any, if paid now in cash, would fairly and adequately compensate MICHAEL A. SCHOLL for his mental anguish as a result of the conduct you found in Question No. 3?

Answer in dollars and cents, if any.

ANSWER: *0*

QUESTION NO. 5A: Do you find that HOW failed to mitigate its damages by its refusal, if any, to allow MICHAEL A. SCHOLL to perform repairs to the home known as 5 Reading Lane [DiMaio Home]?

. . . . .

ANSWER: *YES*

If you have answered Question 5A "Yes", and only in that event, then an-swer Question 5B; otherwise, do not answer Question 5B.

QUESTION 5B: What amount of money in dollars and cents, if any, would HOW have spent if MICHAEL A. SCHOLL had done the repairs?

Answer in dollars and cents, if any.

ANSWER: *0*

QUESTION NO. 6: What sum of money, paid now in cash, if any, is reasonable and necessary for the attorneys' fees of Michael A. Scholl for the following:

a. Attorneys' fees for Defendants for legal services in preparation and trial of this action in this Court?

Answer in dollars and cents, if any.

ANSWER: *$20,000.00*

b. Attorneys' fees for Defendants for legal services if this case is appealed to the Court of Appeals?

Answer in dollars and cents, if any.

ANSWER: *$4,000.00*

c. Attorneys' fees for Defendants for legal services for making or responding to an application for writ of error to the Supreme Court of Texas and for legal services if the writ of error is granted by the Supreme Court of Texas?

Answer in dollars and cents, if any.

ANSWER: *$4,000.00*

Initially, the appellant argues that the trial court erred in entering a judgment without providing an award of attorneys' fees for the appellant because the record contains sufficient evidence to support the findings of the jury on attorneys' fees. Since no contention is made by anyone that the evidence is insufficient to support the jury findings as to attorneys' fees, we need not address this complaint.

 Appellant next contends that the trial court erred in failing to provide appellant an award for attorneys' fees in the judgment, because the judgment does not conform with the verdict, and appellant is entitled to attorneys' fees under the Builder's Agreement.

"The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity." TEX.R.CIV.P. 301. "It is also the rule that an appellate court will sustain the judgment of a trial court if it is correct on any theory of law applicable to the case, and that regardless of whether the trial court gives the correct legal reason for the judgment he enters, or whether he gives any reason at all." *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73, 84 (1939). "It is settled that a trial court is authorized to set aside a jury finding only when there is no evidence to support the finding." *Campbell v. Northwestern Nat'l Life Ins. Co.*, 573 S.W.2d 496, 497 (Tex.1978); TEX.R.CIV.P. 301. "[T]he trial court is not empowered to disregard a material jury finding on its own initiative in the absence of such motion." *Williams v. Northrup*, 649 S.W.2d 740, 748 (Tex.App.—Tyler 1983, writ ref'd n.r.e.).

"In Texas the well-settled law is that attorney's fees are not recoverable in an action unless provided by statute or a contract between the parties", and "[t]he necessary statutory basis for an award of attorney's fees can be found only in the express terms of the statute in question", which "must be subject to strict construction." *Id.* at 747.

The record before us does not disclose any motion to disregard the jury finding on attorneys' fees for the appellant, and the court was, therefore, not authorized to disregard this jury finding if it was a material jury finding. The finding, in turn, would be material if the appellant was entitled to attorneys' fees under the circumstances of the case. The materiality of the jury finding would likewise be relevant in determining, under TEX.R.CIV.P. 301, whether the judgment entered conforms with the verdict of the jury. Therefore, since the jury findings in question clearly inquired into the reasonable and necessary attorneys' fees of Michael A. Scholl, we must, therefore, determine whether the appellant, Michael A. Scholl, individually, was entitled to attorneys' fees under these circumstances.

Clearly, appellant, Michael A. Scholl, individually, would only be entitled to attorneys' fees under a statute or a contract to which he was a party. *Williams*, 649 S.W.2d at 747. As required by TEX.R. APP.P. 74, appellant has failed to direct this court to a statute which would authorize him to recover attorneys' fees, and we are, likewise, unable to find a statute that applies under these circumstances. Appellant does, however, contend that he is entitled to attorneys' fees under the Builder's Agreement. We disagree.

Appellant's original cause of action, filed against all the appellants, clearly sought reimbursement under the provisions of the Builder's Agreement. In all his sworn pleadings, which appellant, Michael A. Scholl, individually, never abandoned, appellant unequivocally swore that "Scholl, either individually or doing business as Scholl Enterprises was not a party to the Builder's Agreement and, therefore, is not liable under the Builder Agreement." Thus, appellant's pleadings in this "particular case, for the purpose of use as such in [this] case, are to be regarded as judicial admissions, rather than just ordinary admissions." *Kirk v. Head*, 137 Tex. 44, 152 S.W.2d 726, 729 (1941).

Judicial admissions have been defined as:
... those made in court by a person's attorney for the purpose of being used as

a substitute for the regular legal evidence of the facts at the trial. Such as are made voluntarily by a party, which appear of record in the proceedings of the court. Formal acts done by a party or his attorney in court on the trial of a cause for the purpose of dispensing with proof by the opposing party of some fact claimed by the latter to be true.

BLACK'S LAW DICTIONARY 44–45 (5th ed.1979), citing *Hofer v. Bituminous Gas. Corp.*, 260 Iowa 81, 148 N.W.2d 485, 486 (1967). Further, the findings of the jury clearly establish that the appellant convinced the jury, that he, individually, was not a party to the Builder's Agreement. Therefore, appellant will not now be permitted to inconsistently contend, for the first time on appeal, that he is entitled to some benefits from an agreement he has judicially admitted, and proved below, that he was never a party to.

Moreover, appellant's counterclaim sought damages based on the negligence of the appellee in wrongfully including him, individually, and d/b/a Michael A. Scholl Enterprises as a defendant in a claim arising from the Builder's Agreement, still insisting that he had never been a party to the Builder's Agreement. Again, appellant does not contend the existence of, nor can we find, any statutory authority that authorizes attorneys' fees for claims based on negligence. Further, appellant's contentions that he is entitled to attorneys' fees under the Builder's Agreement is untenable in view of his unequivocal judicial admissions below that he was never a party to the Builder's Agreement, and is completely inconsistent with the whole basis of his counterclaim.

Thus, appellant has failed in his burden of establishing any basis for entitlement to attorneys' fees; consequently, we hold that the court did not disregard a material finding of the jury, and the judgment entered conforms with the verdict. The points are rejected.

■ Finally, appellant argues that the trial court erred in entering a judgment which fails to award appellant, as the prevailing party in the litigation, its costs.

"Taxing of costs against the successful party in the trial court is contrary to Rule 131 of the Texas Rules of Civil Procedure."[2] *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 152 (Tex.1988). Moreover, rule 131 provides that:

> ... a successful party to a lawsuit shall recover all costs incurred except where otherwise provided. Rule 141 provides that the court may, for good cause, to be stated in the record, adjudge the costs other than as provided by law or the rules. A successful party as contemplated by Rule 131 is one who obtains a judgment of a competent court vindicating a civil claim of right.

*Nixon v. Sipes*, 667 S.W.2d 223, 224 (Tex. App.—Texarkana 1984, writ ref'd n.r.e.), citing *Seipert v. Brewer*, 433 S.W.2d 773, 775 (Tex.Civ.App.—Texarkana 1968, writ ref'd n.r.e.). "We believe that the determination of a successful party under rule 131 is to be based upon success upon the merits, not upon damages." *Perez v. Baker Packers*, 694 S.W.2d 138, 143 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). It is abuse of discretion for a trial judge to "[allot] costs contrary to the provisions of rule 131, without including in the record an explanation of the allotment as required by rule 141." *State v. B & L Landfill, Inc.*, 758 S.W.2d 297, 300 (Tex.App.—Houston [1st Dist.] 1988, no writ).

Appellant states that the trial court failed to specify in the record an explanation of the allotment of costs as required by TEX.R.CIV.P. 141. Since appellee fails to challenge appellant's statement, we will accept it as correct as provided by TEX.R. APP.P. 74(f). Therefore, in the absence of such an explanation, TEX.R.CIV.P. 131 must prevail, and the successful party under rule 131 should recover its costs. *B & L Landfill, Inc.*, 758 S.W.2d at 300.

We must then determine whether appellant Michael A. Scholl, individually, was a successful party who vindicated a civil claim of right, based upon the merits of the case rather than damages obtained. *See*

---

**2.** All future references to rules are to the Texas Rules of Civil Procedure.

*Perez*, 694 S.W.2d at 143; *Nixon*, 667 S.W.2d at 224. The issues submitted to the jury in the court's charge, without objection, inquired basically whether appellant Michael A. Scholl, individually, was indebted to appellee; whether appellee wrongfully brought suit against Michael A. Scholl, individually; what amount of money would compensate Michael A. Scholl, individually, for his mental anguish; whether the appellees failed to mitigate their damages by refusing to permit Michael A. Scholl, individually, to repair the home in question, and how much money appellees would have spent had Michael A. Scholl done the repairs; and, the reasonable and necessary attorneys' fees for Michael A. Scholl, individually. We hold that the answers of the jury, based upon the merits of the case as submitted to the jury, by and large vindicated appellant Michael A. Scholl's individual civil claim of right. Therefore, under these circumstances, appellant Michael A. Scholl, individually, was entitled to his costs pursuant to TEX.R.CIV.P. 131. The point is sustained.

Finally, in a cross-point, appellee insists that this court sanction appellant for bringing this frivolous appeal. In view of our finding that the trial court erred in assessing costs, we further find that this appeal was not frivolous. Appellee's cross-point is rejected. TEX.R.APP.P. 84.

The judgment is modified to award the appellant his costs of court, and as modified, is affirmed.