**Sherri ALLEN, Appellant,**

v.

**Amanda CRABTREE, Appellee.**

No. 06–96–00015–CV.

Court of Appeals of Texas,
Texarkana.

Oct. 17, 1996.

---

1. Appellant's motion was dated September 13, 1996 and was filed with this court on September 20, 1996.

Timothy G. Moore, Merriman, Patterson & Allison, Longview, for appellant.

Robert D. Bennett, Griffith & Bennett, Gilmer, for appellee.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

**OPINION**

GRANT, Justice.

Sherri Allen appeals the award of court costs to Amanda Crabtree for expenses in copying medical records. Crabtree recovered against Allen on a negligence claim for damages sustained in an automobile accident.

■ At trial, after the jury found in favor of Crabtree, the court entered a judgment against Allen, including court costs. Crabtree filed a "Motion for Determination of Taxable Court Costs," and sought to include in the judgment $374.40 she expended on copying medical records from her medical providers. The trial court granted this motion, and Allen appeals. By her sole point of error, Allen contends that the trial court erred in including the costs of obtaining medical records from medical providers in its award of taxable court costs to Crabtree.

■ The assessment of costs is within the trial court's discretion and will be reversed on appeal only if the trial court abused its discretion. *Rogers v. Walmart Stores, Inc.,* 686 S.W.2d 599, 601 (Tex.1985). The test for an abuse of discretion is whether the court acted arbitrarily, unreasonably, or without reference to any guiding principles. *Yowell v. Piper Aircraft Corp.,* 703 S.W.2d 630, 635 (Tex.1986). An appellate court will not substitute its judgment for that of the trial court, but will reverse only if the record clearly shows that the trial court disregarded the parties' rights. *Yowell,* 703 S.W.2d at 635.

The Texas Rules of Civil Procedure set out the rules for assessing costs. *Rogers,* 686 S.W.2d at 601. The general rule is Rule 131, which states: "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." *Rogers,* 686 S.W.2d at 601 (quoting TEX.R. CIV. P. 131).

■ Texas statutes and case law delineate which items the court may and may not

include in costs. "The general rule in Texas is that expenses incurred in prosecuting or defending a suit are not recoverable as costs or damages unless" a statute or equitable principle expressly provides for the recovery. *Phillips v. Wertz*, 579 S.W.2d 279, 280 (Tex. Civ.App.—Dallas 1979, writ ref'd n.r.e.).

■ Both the Texas Civil Practice and Remedies Code and the Texas Rules of Civil Procedure specify items recoverable as costs. The Civil Practice and Remedies Code lists the following items a court may include in awarding costs:

(1) fees of the clerk and service fees due the county;

(2) fees of the court reporter for the original of stenographic transcripts necessarily obtained for use in the suit;

(3) masters, interpreters, and guardians ad litem appointed pursuant to these rules and state statutes; and

(4) such other costs and fees as may be permitted by these rules and state statutes.

TEX. CIV. PRAC. & REM.CODE ANN. § 31.007(b) (Vernon Supp.1996). Rule 206 of the Rules of Civil Procedure authorizes allowance of the cost of exhibits attached to an original deposition.[1] Also recoverable are deposition

costs and filing, court reporter, transcript, and subpoena/citation fees. *Shenandoah Associates v. J & K Properties*, 741 S.W.2d 470, 487 (Tex.App.—Dallas 1987, writ denied).

Certain items specifically are disallowed. Case law disallows several items.[2] Additionally Rule 902(10)(a) provides that a party must bear its own copying costs if it chooses to inspect and copy records attached to affidavits filed by another party to the action. TEX.R. CIV. EVID. 902(10)(a).

In the present case, Crabtree chose to prove her medical expenses by affidavit,[3] rather than by subpoena duces tecum, deposition, or trial testimony. Allen contends that the costs at issue in the present case are merely photographic reproduction charges, not recoverable as court costs. Texas Rule of Civil Procedure 140 specifically prohibits fees for copies: "No fee for a copy of a paper not required by law or these rules to be copied shall be taxed in the bill of costs." TEX.R. CIV. P. 140.

Rule 902(10) authorizes an alternate way to lay the predicate for introducing records without the necessity of a deposition and in most instances is less cumbersome and less expensive than a deposition. Although Rule 206(1)(viii) authorizes charging for such copies when attached to a deposition,[4] no such

---

1. "The officer shall file with the court in which the cause is pending a copy of said certificate [certifying the deposition], and the clerk of the court where such certification is filed shall tax as costs the charges for preparing the original deposition transcript and making and attaching *copies of all exhibits* to the original deposition." TEX.R. CIV. P. 206(1)(viii) (emphasis added).

2. *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 527 (1961) (traveling expenses); *Hammonds v. Hammonds*, 158 Tex. 516, 313 S.W.2d 603, 605 (1958) (premium for supersedeas bond); *Shenandoah Associates v. J & K Properties*, 741 S.W.2d 470, 487 (Tex.App.—Dallas 1987, writ denied) (delivery services, such as Federal Express, travel, long-distance calls, bond premiums, postage, reproduction expenses, binding of briefs, transcripts of testimony elicited during trial, office air-conditioning on weekends, and secretarial overtime); *Whitley v. King*, 581 S.W.2d 541, 544–45 (Tex.Civ.App.—Fort Worth 1979, no writ) (holding that the fee of an expert surveyor, appointed under Rule 796 and testifying solely on the plaintiff's behalf, and the cost of certified copies of deeds are not recoverable; also holding that "the power to tax costs, otherwise than by Rule 131 for good cause shown,

does not include the power to tax, as costs, items which are not normally allowed" because, as a matter of law they are not proper court costs); *Phillips v. Wertz*, 579 S.W.2d 279, 280 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.) (because no statutory authority exists for charging the costs of obtaining certified copies of deeds used in both a summary judgment hearing and at trial, this item is not allowed); *City of Houston v. Biggers*, 380 S.W.2d 700, 705 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.) (attorney's fees, costs of expert witnesses, and "other expenses in preparation for trial"), *cert. denied*, 380 U.S. 962, 85 S.Ct. 1105, 14 L.Ed.2d 153 (1965); *Brandtjen & Kluge v. Manney*, 238 S.W.2d 609, 611–12 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n.r.e.) (a premium for a replevy bond).

3. TEX.R. CIV. EVID. 902(10)(a) provides for this method.

4. Allen concedes that the costs of proving medical expenses by subpoena duces tecum or deposition are properly taxable as court costs. *See Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 527 (1961) (holding that the expense of taking depositions was a properly charged court cost); *Rhodes v. Batilla*, 848 S.W.2d 833, 849 (Tex.

authority appears in Rule 902 on self-authentication authorizing proof of original or reproduced records by affidavits. Although Texas law permits a party to prove medical expenses by several methods, the method under the affidavit rule allows attachment of the original or copies.

Allen contends that because Crabtree had alternative methods of proving medical expenses, *i.e.,* deposition, subpoena duces tecum, or trial testimony, the copies of her medical records were not "required by law" and that, therefore, Rule 140 prohibits taxing the copies against Allen. We cannot say that the copies are required by law; therefore, they fall under the prohibition for taxing copies as part of the bill of costs. *See* Tex.R. Civ. P. 140.

Unless Tex.R. Civ. Evid. 902(10)(a) is amended to permit court costs for attached copies, no rule or statute allows such court costs. Therefore, the costs of medical record affidavits cannot be taxed against the unsuccessful party pursuant to the general rule. Proving medical expenses by medical record affidavits is the equivalent of laying a predicate by deposition, in which case court costs are allowed for copies. For the sake of equal treatment between these two methods, the Texas Supreme Court should consider adding such a provision to this rule.

▮ The corollary to the general rule for assessing court costs, however, is the good cause rule: "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." Tex.R. Civ. P. 141. Under the good cause rule, the trial court had discretion to tax the medical record affidavit costs against

the unsuccessful party if the court stated good cause on the record; however, the court failed to state good cause on the record.

Among the 168 Texas appellate court opinions addressing Rule 141, no Texas Supreme Court case addresses the appropriate action for a court of appeals when a trial court assesses costs otherwise than as provided by the general rule without stating good cause on the record. In *Rogers v. Walmart Stores,* 686 S.W.2d 599, the Supreme Court stated that even if the trial court states good cause on the record, "an appellate court should scrutinize the record to determine whether it supports the trial judge's decision to tax the prevailing party with part, or all, of the costs." Two courts of appeals have examined the record to determine whether it indicates any intention by the trial judge to deviate from the general rule.[5] The courts of appeals generally have held that when a trial court assesses costs otherwise than under the general rule and fails to give any indication on the record of making a good cause determination, the trial court has abused its discretion.[6]

In the present case, the record does not show that the trial court made a good cause determination. Crabtree's motion for determination of taxable court costs, Allen's response to that motion, and Crabtree's motion for rehearing all reflect that the parties and the trial court focused completely on whether the medical affidavit costs properly could be assessed against Allen. Although Crabtree's motion for determination of taxable court costs explained her reason for choosing the

App.—Houston [14th Dist.] 1993, writ denied) (holding that the cost of a deposition was properly charged as a court cost under the Texas Rules of Civil Procedure).

5. *Howell v. Hecht,* 821 S.W.2d 627, 628–33 (Tex. App.—Dallas 1991, writ denied) (finding *no* intention to deviate and affirming the trial court's assessment of costs against the unsuccessful party); *accord, Consumers County Mut. Ins. Co. v. Pagan–Lewis Motors, Inc.,* 445 S.W.2d 797, 802 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.) (finding an intention to deviate and affirming the trial court's assessment of a portion of the costs against the successful party).

6. *Scholl v. Home Owners Warranty Corp.,* 810 S.W.2d 464, 468 (Tex.App.—San Antonio 1991,

no writ); *Collerain v. City of Granbury,* 760 S.W.2d 364, 368 (Tex.App.—Fort Worth 1988, no writ); *Nixon v. Sipes,* 667 S.W.2d 223, 224 (Tex. App.—Texarkana 1984, writ ref'd n.r.e.); *Adams v. Stotts,* 667 S.W.2d 798, 801 (Tex.App.—Dallas 1983, no writ); *Southerland v. Northeast Datsun, Inc.,* 659 S.W.2d 889, 893 (Tex.App.—El Paso 1983, no writ); *Perez v. Hernandez,* 658 S.W.2d 697, 702 (Tex.App.—Corpus Christi 1983, no writ); *Suiter v. Woodard,* 635 S.W.2d 639, 641 (Tex.App.—Waco 1982, writ ref'd n.r.e.); *United States Fidelity and Guaranty Co. v. Beuhler,* 597 S.W.2d 523, 525 (Tex.Civ.App.—Beaumont 1980, no writ); *Neal v. Ardoin,* 594 S.W.2d 145, 147 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *Cofer v. Hearne,* 459 S.W.2d 877, 882 (Tex.Civ.App.—Austin 1970, writ ref'd n.r.e.).

affidavit method, nothing in the record indicates the trial court intended to find good cause or deviate from the general rule. Accordingly, we determine that in the present case, the trial court's assessment of medical affidavit costs against Allen without stating good cause on the record was an abuse of discretion.

In her motion for rehearing, Crabtree contends that we should remand this case to allow the trial court to determine good cause. Excluding cases remanded on other grounds,[7] in their most recent cases on point, seven courts of appeals have reformed the judgments to conform to the general rule.[8] Such reformation is consistent with the principle that "a Court of Appeals has the power to render the judgment which it deems should have been rendered by the trial court where it appears on the face of the record that modification in the judgment should be made and justice requires it." *Dawson v. Garcia*, 666 S.W.2d 254, 264 (Tex.App.—Dallas 1984, no writ). Furthermore, in the trial court, Crabtree had an opportunity to seek relief under Texas Rule of Civil Procedure 141 and urge the court to make a determination that good cause existed for assessing the medical affidavit costs against Allen; however, Crabtree failed to do so.

We determine that remand is unnecessary. The judgment of the trial court is reformed by deleting the court costs awarded for copies of medical records in the amount of $374.40, and as reformed, the judgment is affirmed.

---

7. *Adams*, 667 S.W.2d at 801; *In re T.L.H.*, 630 S.W.2d 441, 449 (Tex.App.—Corpus Christi 1982, writ dism'd); *Garza v. Brazos County Fed. Credit Union*, 603 S.W.2d 298, 301 (Tex.Civ.App.—Waco 1980, no writ); *City of Hurst v. City of Colleyville*, 501 S.W.2d 140, 143–45 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.); *Cofer*, 459 S.W.2d at 882 (all reversing on other grounds and leaving a fact issue for the trial court to determine).

8. *Scholl*, 810 S.W.2d at 468; *Collerain*, 760 S.W.2d at 368; *Nixon*, 667 S.W.2d at 224; *Southerland*, 659 S.W.2d at 893; *Suiter*, 635 S.W.2d at 641; *United States Fidelity*, 597 S.W.2d at 525; *Neal*, 594 S.W.2d at 147. In an earlier case, the Houston court remanded a case on point, *Bell v. Bell*, 540 S.W.2d 432, 441 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). In *Bell*, however, the court remanded the taxing of a master's fee and stated that "no part of the master's fee should have been taxed to or charged against" the appellant. *Bell*, 540 S.W.2d at 441. Because the appellate court gave the trial court no discretion in reforming the judgment, the result was the same as if the appellate court had reformed the judgment itself. Furthermore, in *Neal*, a later decision on point, the same court reformed the judgment rather than remanding. *Neal*, 594 S.W.2d at 147.