Nelson PHILLIPS, Jr., et al., Appellants,

v.

Frank WERTZ and Wife, Dorothea Wertz, Appellees.

No. 19724.

Court of Civil Appeals of Texas, Dallas.

Jan. 23, 1979.

Rehearing Denied Feb. 21, 1979.

**280**

Bruce Wolitarsky, Ashley & Welch, Dallas, for appellants.

Wm. Andress, Jr., Dallas, for appellees.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

Appellants appeal from an order directing the district clerk to expunge costs which had been taxed against appellees. These costs were for obtaining certified copies of deeds used in the proceedings by appellants and had been taxed as costs by the district clerk against appellees. We hold that the trial judge correctly expunged these costs because no statutory authority exists authorizing the clerk to charge the items as costs. Accordingly, we affirm.

Appellants contend that these certified copies of deeds should be taxed as costs since they were considered as evidence in the summary judgment hearing and were later admitted into evidence at the trial on the merits. In support of this contention, appellants cite *Ela v. Knox*, 46 N.H. 16 (1863); *Inter City Auto Stage Co. v. Bothell Bus Co.*, 139 Wash. 674, 247 P. 1040 (1926), and *City of New Whatcom v. Bellingham Bay Imp. Co.*, 16 Wash. 131, 47 P. 236 (1896). The general rule in Texas is that expenses incurred in prosecuting or defending a suit are not recoverable as costs or damages unless recovery for such items is expressly provided for by statute or is recoverable under equitable principles. *Hammonds v. Hammonds*, 158 Tex. 516, 313 S.W.2d 603, 605 (1958); *Brandtjen & Kluge, Inc. v. Manney*, 238 S.W.2d 609, 612 (Tex. Civ.App.—Fort Worth 1951, writ ref'd n. r. e.). The cases cited by appellant are from foreign jurisdictions and are not controlling in Texas since our legislature has chosen to set forth by statute the items taxable as costs. Tex.Rev.Civ.Stat.Ann. arts. 3927, 3927b (Vernon Supp. 1978) lists the items that the district clerk shall tax as costs, but certified copies of deeds are not among those enumerated by statute. Consequently, since no question exists with respect to assessing these costs under equitable principles, we hold that the taxing by the clerk of certified copies of deeds as costs was erroneous and that the trial judge properly expunged them. *Reaugh v. McCollum Exploration Co.*, 140 Tex. 322, 167 S.W.2d 727 (1943); *Hammonds v. Hammonds, supra.*

Affirmed.