

# The Attorney General of Texas

February 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Henry Wade
Criminal District Attorney
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. MW-447

Re: Whether state is exempt from filing fees under article 3912(e), V.T.C.S.

Dear Mr. Wade:

You have requested our opinion as to whether article 3912e, V.T.C.S., exempts the state of Texas from paying filing fees in civil cases filed with district clerks.

Article 3912e provides in pertinent part:

Section 1. No district officer shall be paid by the State of Texas any fees or commissions for any service performed by him;... provided... that the provisions of this Section shall not affect the payment of costs in civil cases or eminent domain proceedings by the State....

....

Sec. 19. Provisions of this Section shall apply to and control in each county... having a population in excess of one hundred and ninety... thousand inhabitants....

....

(j) Each district, county, and precinct officer who shall be compensated on a salary basis shall continue to charge for the benefit of the Officers' Salary Fund of his office provided for in this Section, all fees and commissions which he is now or hereafter may be authorized to charge against and collect from the State of Texas for services performed by him in civil proceedings.... (Emphasis added).

In Attorney General Opinion WW-628 (1959), this office observed that:

> It is noted that the prohibitions contained in Sections 1 and 3 of Article 3912e... concerning the payment of fees or commissions by the State do not apply to the payment of costs in civil cases by the State where the fees earned constitute a part of the cost assessed against the State in a particular case. <u>Therefore, such cost must be paid by the State as provided by law rather than as a fee to the individual officer.</u> (Emphasis added).

<u>See also</u> Attorney General Opinions M-124 (1967); WW-658 (1959); WW-506 (1958); C-807 (1939). <u>Compare</u> Attorney General Opinion M-168 (1967) (filing fees in criminal cases).

To answer your question, we must determine whether the filing fees to which you refer constitute "costs" of civil cases within the meaning of section 1 of article 3912e. If the fees do, the state of Texas is not exempt from liability for payment of such fees. Attorney General Opinion WW-628 (1959).

Article 3927, V.T.C.S., provides, in pertinent part, that:

> The clerks of the district courts shall receive the following fees for their services:
>
> . . .
>
> For each suit filed, including appeals from inferior courts ......................... $25.00

In <u>Phillips v. Wertz</u>, 579 S.W.2d 279 (Tex. Civ. App. - Dallas 1979, writ ref'd n.r.e.), the court stated as follows:

> The general rule in Texas is that expenses incurred in prosecuting or defending a suit are not recoverable as costs or damages unless recovery for such items is expressly provided for by statute or is recoverable under equitable principles.... <u>[Article 3927] lists the items that the district clerk shall tax as costs....</u> (Emphasis added).

The court concluded that because certified copies of deeds are not among the items enumerated in articles 3927 or 3927b (since repealed), the costs involved in obtaining such copies could not be taxed as

"costs" against the appellees in that case.  See also Attorney General Opinion MW-308 (1981) (fee for recording abstract of judgment in county records not among costs to be taxed on initial filing of delinquent tax suit).

Unlike the fee involved in the Phillips case, filing fees are among the items listed in article 3927 which may be taxed as costs. We believe it follows, therefore, that such fees constitute "costs" within the meaning of section 1 of article 3912e.  The state of Texas is therefore not exempt from liability for payment of such fees in civil cases filed with district clerks.

We have not overlooked article 3927a, V.T.C.S., which provides that:

> [Article 3927] shall not be construed as amending or repealing any existing law concerning the exemption of the State of Texas or any political subdivision of the State of Texas from liability for costs or deposits therefor.

This statute refers to laws which specifically exempt the state from liability for payment of certain costs.  See, e.g., V.T.C.S. art. 7297 (state exempt from payment of costs "growing out of" suit to recover delinquent taxes); see Prop. Tax Code §33.49.  Article 3912e is not such a statute.  It does not exempt the state from liability for payment of "costs in civil cases."

## S U M M A R Y

Article 3912e, V.T.C.S., does not exempt the state of Texas from having to pay filing fees in civil cases filed with district clerks.

Very truly yours,

MARK   WHITE
Attorney General of Texas.

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

p. 1543

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Robert W. Gauss
Rick Gilpin
Jim Moellinger