Franklyn and Louise FERRY, Individually and on Behalf of the Estate of Elaine Robbins Ferry, Appellants

v.

James R. SACKETT, M.D. and W.B. Carrell Memorial Clinic, Appellees.

No. 05–05–01617–CV.

Court of Appeals of Texas, Dallas.

Nov. 9, 2006.

Thomas B. Cowart, Law Offices of Thomas B. Cowart, P.C., Dallas, for Appellant.

Jeffrey W. Ryan, David M. Walsh, IV, Chamblee & Ryan, P.C., for Appellee.

Before Justices WRIGHT, O'NEILL, and LANG–MIERS.

## OPINION

Opinion by Justice O'NEILL.

This appeal involves the trial court's ruling on the Ferrys' motion to retax costs. In a single issue, the Ferrys' challenge the trial court's order granting appellees' expenses incurred in conducting depositions on written questions as taxable costs. The Ferrys argue parties are responsible for their own litigation expenses unless there is specific authority establishing otherwise. Because there is no explicit rule or statute allowing for the taxing of costs against a losing party for depositions on written questions, they contend the trial court erred in ordering such costs. Appellees respond that under the Texas Rules of Civil Procedure and Texas Civil Practice and Remedies Code depositions, whether by stenographic means or upon written questions, are taxable court costs. We affirm.

## Background

The Ferrys filed a negligence action against appellees after their daughter died from complications following surgery. A jury determined the doctor was not negligent in the daughter's death, and the trial court rendered a take-nothing judgment against the Ferrys. In the final judgment, the trial court taxed all costs of court against the Ferrys.

The bill of costs from the district clerk reflects a total of $10,749.29 in court costs. The large majority of the costs are for obtaining the daughter's records by deposition on written questions.[1] The Ferrys filed a motion to retax costs and requested the trial court expunge the costs associated with appellees' depositions on written questions. After a hearing, the trial court denied the motion. This appeal followed.

## Analysis

Because the issue on appeal is a pure question of law, the appellate court performs a de novo review. *C & G, Inc. v. Jones*, 165 S.W.3d 450, 453 (Tex.App.-Dallas 2005 pet. denied). A de novo review is less deferential than ordinary reviews because a trial court has no discretion in deciding what the law is or in properly applying it. *Id.*

We recognize that case law provides costs are not recoverable unless they are expressly provided for by statute, rule, or under principles of equity. *Phillips v. Wertz*, 579 S.W.2d 279, 280 (Tex.App.-Dallas 1979, writ ref'd n.r.e.); *see also Shaikh v. Aerovias De Mexico*, 127 S.W.3d 76, 82 (Tex.App.-Houston [1st Dist.] 2003, no pet.). As explained below, we conclude that the Texas Rules of Civil Procedure and Texas Civil Practice and Remedies Code allow for taxing depositions upon written questions as recoverable court costs.

The general rule for assessing costs is Texas Rule of Civil Procedure 131, which states "the successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." Tex.R. Civ. P. 131; *Marion v. Davis*, 106 S.W.3d 860, 868 (Tex.App.-Dallas 2003, pet. denied). The Texas Civil Practice and

---

1. The Ferry's daughter suffered from cerebral palsy, and the records included numerous medical and school files.

Remedies Code also provides guidance on which costs are recoverable.

■ Texas Civil Practice and Remedies Code section 31.007(b) states the following: A judge of any court may include in any order or judgment all costs, including the following: (1) fees of the clerk and service fees due the county; (2) fees of the court reporter for the original of stenographic transcripts necessarily obtained for use in the suit; (3) masters, interpreters, and guardians ad litem appointed pursuant to these rules and state statutes; and (4) such other costs and fees as may be permitted by these rules and state statutes.

TEX. CIV. PRAC. & REM.CODE ANN. § 31.007(b) (Vernon 1997). The Ferrys argue that because this statute allows for recovery of costs for the original stenographic transcript and depositions on written questions are not stenographic transcripts, then the costs are not recoverable.

This argument overlooks section 31.007(b)(4), which allows for costs as permitted by other rules or statutes. Texas Rule of Civil Procedure 200.4 provides that a deposition officer conducting a deposition upon written questions must prepare, certify, and deliver the deposition transcript in accordance with rule 203. Under rule 203.2, a deposition officer must file a sworn certificate stating "the amount of the deposition officer's charges for preparing the original deposition transcript, which the clerk of the court must tax as costs." TEX.R. CIV. P. 203.2(f).

Here, the various deposition officers certified the costs either as "the fee for obtaining and preparing the records" or as "taxable costs to be paid." Thus, the certifications establish the costs expended by the deposition officer, and such costs are recoverable. TEX.R. CIV. P. 200.4, 203.2(f).

■ The Ferrys argue that the costs for depositions on written questions are nothing more than copies of records, and copies are not taxable costs. TEX.R. CIV. P. 140. Texas Rule of Civil Procedure 140 states "No fee for a copy of paper *not required by law or these rules* to be copied shall be taxed in a bill of costs." *Id.* (emphasis added). The rules of civil procedure, however, require a deposition officer to make copies of original documents marked for identification and attach them to the original deposition transcript. TEX.R. CIV. P. 203.4 ("If the person offers original rather than copies, the deposition officer must, ..., make copies to be attached to the original deposition...."). Thus, these documents become a part of the deposition transcript. Because the deposition officer must make the copies pursuant to rule 203.4, they are required and not prohibited by rule 140.

Our conclusion is further supported by well-established case law that the costs of taking and filing depositions are recoverable. *Shaikh,* 127 S.W.3d at 82; *Shenandoah Assocs. v. J & K Props.,* 741 S.W.2d 470, 487 (Tex.App.-Dallas 1987, writ denied). A deposition upon written questions is in fact a deposition, and we will not draw a distinction between the two types of depositions for purposes of cost recovery. Thus, the trial court acted properly by including appellees' depositions upon written questions as court costs.[2]

We overrule the Ferrys' sole issue, and affirm the trial court's judgment.

---

2. Although not binding on this Court, we note that federal courts have allowed recovery for the costs associated with depositions on written questions. *See, e.g., Casarez v. Val Verde County,* 27 F.Supp.2d 749, 751 (W.D.Tex. 1998) (determining that depositions on writ-

ten questions are recoverable costs); *Hartnett v. Chase Bank of Tex. Nat'l Ass'n,* 1999 WL 977757, *3 (N.D.Tex.1999) (holding that costs of depositions upon written questions to several medical providers to obtain medical records were recoverable court costs).