**Jerry GUMPERT and Martin Coyne, Appellants,**

v.

**ABF FREIGHT SYSTEM, INC., Appellee.**

No. 05–09–00064–CV.

Court of Appeals of Texas, Dallas.

May 3, 2010.

Carl Adams, Robert E. Goodman, Jr., Attorney at Law, Dallas, TX, for Appellants.

Michael Andrew McCabe, Munck Carter, PC, Dallas, TX, for Appellee.

Before Justices BRIDGES, LANG, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

This is an appeal from a postjudgment order denying Jerry Gumpert and Martin Coyne's motion to retax costs and awarding costs to ABF Freight System, Inc. in the amount of $20,434.51. For the following reasons, we vacate the trial court's order and remand for further proceedings.

### Background

After prevailing in the lawsuit below, ABF filed its original itemized bill of costs in the amount of $34,047.70. Appellants filed written objections. Subsequently, ABF filed the district clerk's certified bill of costs listing ABF's taxable costs in the amount of $20,434.51. Appellants filed a motion to retax costs, arguing that the certified bill of costs improperly included the costs to videotape depositions and obtain copies of deposition transcripts that are not recoverable as taxable costs. After a hearing, the trial court denied appellants' motion to retax costs and ruled that good cause existed to award ABF its costs

of $20,434.51. Appellants appeal, arguing that the trial court erred by denying its motion to retax costs.

### STANDARD OF REVIEW

A successful party is entitled to recover its costs from its adversary. TEX.R. CIV. P. 131. A party that wishes to challenge items contained in the clerk's bill of costs must file a motion to retax costs. *See Wood v. Wood,* 159 Tex. 350, 320 S.W.2d 807, 812–13 (1959). Awarding costs is largely a matter of trial court discretion. *Mitchell v. Bank of Am., N.A.,* 156 S.W.3d 622, 630 (Tex.App.-Dallas 2004, pet. denied); *Shaikh v. Aerovias de Mexico,* 127 S.W.3d 76, 82 (Tex.App.-Houston [1st Dist.] 2003, no pet.). We may reverse a trial court for abuse of discretion only if, after searching the record, it is clear the court's decision was arbitrary and unreasonable. *See City of Houston v. Woods,* 138 S.W.3d 574, 580 (Tex.App.-Houston [14th Dist.] 2004, no pet.) (citing *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987)).

The general rule in Texas is that expenses incurred in prosecuting or defending a suit are not recoverable as costs unless recovery for those items is expressly provided for by statute, rule, or under principles of equity. *Ferry v. Sackett,* 204 S.W.3d 911, 912 (Tex.App.-Dallas 2006, no pet.); *Phillips v. Wertz,* 579 S.W.2d 279, 280 (Tex.Civ.App.-Dallas 1979, writ ref'd n.r.e.); *Shaikh,* 127 S.W.3d at 82. Whether a particular expense is recoverable under statute or rule as a court cost is a question of law, which we review de novo. *Sackett,* 204 S.W.3d at 912.

### DISCUSSION

Appellants contend that the trial court erred by denying their motion to retax costs. They first challenge the trial court's award of the costs to videotape depositions and obtain copies of deposition transcripts because they contend that recovery of those costs are not authorized by statute or rule. They also contend that the trial court erred by awarding those costs to ABF for "good cause." ABF contends that our review of appellants' issues is precluded because appellants did not object to the clerk's certified bill of costs and the objections were not specific. We address each issue in turn.

### A. Are the issues preserved for appellate review?

ABF argues that appellants did not preserve their objections for review because the written objections challenged ABF's original bill of costs, not the clerk's certified bill of costs. We disagree. In an amended motion to retax costs, appellants objected to the costs itemized in the clerk's certified bill of costs and expressly reurged their earlier objections. In addition, appellants orally objected at the hearing to the certified bill of costs on the same grounds they raise on appeal, and the record indicates that the trial court impliedly, if not expressly, overruled those objections. We conclude that appellants preserved this issue for our review. TEX.R.APP. P. 33.1(a)(1).

ABF also contends that, even if we sustain both of appellants' issues, we must affirm the trial court's order because appellants did not point out specifically which items in the bill of costs should have been excluded. Again, we disagree. A party moving to retax costs may satisfy the specificity requirement by stating which items should have been included in the bill of costs or which items should have been excluded. *See Allen v. Woodson,* 60 Tex. 651, 654 (1884). Appellants argued at the hearing on the motion to retax costs that all costs to videotape depositions and all other deposition costs except the plain-

tiffs' written depositions were improperly included in the bill of costs. We conclude that appellants satisfied the specificity requirement. *See id.*

**B. Are the costs to videotape depositions and obtain copies of deposition transcripts taxable as court costs?**

 Appellants argue that there is no statute or rule that authorizes the recovery of the costs to videotape a deposition or to obtain copies of deposition transcripts. They also argue that civil procedure rule 140 specifically prohibits the taxing of copies as costs. *See* TEX.R. CIV. P. 140 ("No fee for a copy of a paper not required by law or these rules to be copied shall be taxed in the bill of costs.").

ABF argues that deposition expenses are properly taxed as costs and are recoverable under section 31.007(b) of the Texas Civil Practice and Remedies Code:

> (b) A judge of any court may include in any order or judgment all costs, including the following:
>
> (1) fees of the clerk and service fees due the county;
>
> (2) fees of the court reporter for the original of stenographic transcripts

necessarily obtained for use in the suit;

. . .

> (4) such other costs and fees as may be permitted by these rules and state statutes.

TEX. CIV. PRAC. & REM.CODE ANN. § 31.007(b) (Vernon 2008). It contends that Texas courts have "routinely allowed recovery of items such as deposition costs and filings, transcripts, and subpoena/citation fees so long as they were 'necessarily obtained for use in the suit and were used to question witnesses and prepare for argument.' "

The specific issues of whether the costs of videotaping depositions and copying deposition transcripts are taxable as court costs are issues of first impression in this Court. ABF cites several cases to support its argument that those costs are taxable.[1] Only three of those cases, however, dealt with the specific issues confronting us, and two of those did not reach the merits.

In *Operation Rescue–National v. Planned Parenthood of Houston & Southeast Texas, Inc.*, 937 S.W.2d 60, 87 (Tex. App.-Houston [14th Dist.] 1996), *aff'd as modified*, 975 S.W.2d 546 (Tex.1998), the prevailing party sought to recover the costs of, among other things, obtaining copies of transcripts of depositions it did

---

1. *See Wallace v. Briggs*, 162 Tex. 485, 492, 348 S.W.2d 523, 527 (1961); *Shenandoah Assocs. v. J & K Props., Inc.*, 741 S.W.2d 470, 487 (Tex.App.-Dallas 1987, writ denied); *Fasken Land & Mins. Ltd. v. Occidental Permian Ltd.*, 225 S.W.3d 577, 596 (Tex.App.-El Paso 2005, pet. denied); *Crescendo Invs., Inc. v. Brice*, 61 S.W.3d 465, 480–81 (Tex.App.-San Antonio 2001, pet. denied); *Operation Rescue–Nat'l v. Planned Parenthood of Houston & Se. Tex., Inc.*, 937 S.W.2d 60, 86–88 (Tex.App.-Houston [14th Dist.] 1996), *aff'd as modified*, 975 S.W.2d 546 (Tex.1998); *Allen v. Crabtree*, 936 S.W.2d 6, 8 (Tex.App.-Texarkana 1996, no writ). We conclude that the *Wallace, Shenandoah,* and *Allen* cases do not apply here. The *Wallace* case involved the

recovery of costs for taking depositions, not for obtaining a copy of a deposition the party did not take or for videotaping a deposition. *See Wallace*, 162 Tex. at 492, 348 S.W.2d at 527. In *Shenandoah*, we concluded that deposition costs were recoverable. *Shenandoah*, 741 S.W.2d at 487. Although we did not specifically state that those costs were for taking the depositions, as opposed to obtaining copies of deposition transcripts, we did recognize the general rule that only costs authorized by statute or rule are recoverable as taxable costs. *See id.* at 486–87. And the *Allen* case involved the question of whether costs for copying medical records, not depositions, were recoverable. *Allen*, 936 S.W.2d at 7.

not take. Although the court stated that "[a]ll of these [challenged] costs were necessary to the conduct of trial," it did not reach the merits of whether the costs to copy deposition transcripts were taxable as costs. There was no record of the hearing on the motion to retax costs, and the court concluded that it could not determine whether the trial court abused its discretion without a record. *Id.* at 88.

Similarly, in *Fasken Land & Minerals, Ltd. v. Occidental Permian Ltd.*, 225 S.W.3d 577, 596 (Tex.App.-El Paso 2005, pet. denied), the appellant challenged the recovery of costs for videotaping depositions and copying deposition transcripts. The court observed that the defendants' statement of costs was supported by affidavits that the depositions and transcripts were "necessarily obtained for use in the suit and were used to question witnesses and prepare for argument at trial." *Id.* The court stated that "[c]osts which are necessary to the conduct of trial may be recoverable." *Id.* at 597 (citing *Operation Rescue*, 937 S.W.2d at 88). But the *Fasken* court did not examine the merits of whether those costs were taxable as costs because the appellant did not specifically point out which items were purportedly improperly taxed. *Id.*

In *Crescendo Investments, Inc. v. Brice,* 61 S.W.3d 465, 480 (Tex.App.-San Antonio 2001, pet. denied), the appellant challenged the trial court's award of the costs for certified copies of depositions and trial transcripts. The court cited the language of section 31.007(b)(2) and held that "[t]ranscripts 'necessarily obtained for use in the suit' seems to obviously include depositions ... used to question witnesses and prepare for argument at trial." *Id.* at 480–81 (quoting Tex. Civ. Prac. & Rem.Code Ann. § 31.007(b)(2)). It also concluded that obtaining certified copies of depositions does not constitute "making copies"

as prohibited by civil procedure rule 140. *Id.* at 481.

Conversely, other courts have concluded that the costs to videotape depositions and obtain copies of deposition transcripts are not recoverable as taxable costs. *See Matbon, Inc. v. Gries,* 288 S.W.3d 471, 487 (Tex.App.-Eastland 2009, no pet.); *Shaikh,* 127 S.W.3d at 82. As those courts explain, the term "costs" usually refers to fees and charges required by law to be paid to the court or its officers. *Matbon,* 288 S.W.3d at 487; *Shaikh,* 127 S.W.3d at 82. *See Sterling Bank v. Willard M, L.L.C.,* 221 S.W.3d 121, 125 (Tex.App.-Houston [1st Dist.] 2006, no pet.). It does not include ordinary expenses incurred in prosecuting or defending a lawsuit. *Griffin v. Carson,* No. 01–08–00340–CV, 2009 WL 1493467, at *6 (Tex.App.-Houston [1st Dist.] May 28, 2009, pet. denied) (mem.op.); *Willard M, L.L.C.,* 221 S.W.3d at 125; *Shaikh,* 127 S.W.3d at 82. *See Sackett,* 204 S.W.3d at 912 (recognizing general rule that costs not recoverable unless expressly provided for by statute, rule, or under principles of equity); *Shenandoah Assocs. v. J & K Props., Inc.,* 741 S.W.2d 470, 486–87 (Tex. App.-Dallas 1987, writ denied) (same).

We agree with these latter cases. The statute that applies here specifically limits recovery of costs to the "fees of the court reporter for the *original* of *stenographic* transcripts necessarily obtained for use in the suit" and "such other costs and fees as may be permitted by these rules and state statutes." Tex. Civ. Prac. & Rem.Code Ann. § 31.007(b)(2), (4) (emphasis added). *See* Tex.R. Civ. P. 203.2(f) (stating clerk of court must tax charges for preparing *original* deposition transcript as costs). Civil procedure rule 140 specifically states that "[n]o fee for a copy of a paper not required by law or these rules to be copied shall be taxed in the bill of costs." Tex.R. Civ. P. 140. We have not found any rule or stat-

ute that requires a party to videotape a deposition or to obtain a copy of a deposition, and ABF cites to none. And we do not find any language in an applicable statute or rule that allows a party to recover as costs the expenses of videotaping depositions or copying deposition transcripts, or any general language that allows recovery as costs for expenses that were "necessary to the conduct of trial"[2] or "necessarily obtained for use in the suit and were used to question witnesses and prepare for argument at trial."[3]

In summary, because no statute or rule authorizes the recovery of the costs to videotape a deposition or obtain a copy of a deposition transcript, we conclude that the trial court erred by awarding ABF those costs.

### C. May costs not authorized by statute or rule be awarded for "good cause"?

■ ABF argues that even if the costs to videotape a deposition or obtain a copy of a deposition transcript are not taxable as costs, the trial court's order must be affirmed because the court found there was good cause to award those costs. *See* Tex.R. Civ. P. 141 ("A court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules."). Appellants contend that rule 141 does not give the trial court the discretion to award otherwise non-taxable items for good cause. We agree with appellants.

■ Rule 141 has been interpreted to mean that a trial court may adjudge costs against a party other than the prevailing party if it has good cause to do so. *See Operation Rescue*, 937 S.W.2d at 87. As the *Brice* court pointed out, there is a difference between adjudging costs (deciding who shall pay) and deciding which costs to assess. *Id.* Although a trial court has discretion to adjudge costs, the power to tax costs does not include the power to tax items normally not allowed under statute or rule. *Griffin*, 2009 WL 1493467, at *6; *Matbon*, 288 S.W.3d at 487; *Willard M, L.L.C.*, 221 S.W.3d at 125; *Shaikh*, 127 S.W.3d at 82.

In this case, the trial court's order states there was good cause to award the costs of videotaping depositions and obtaining copies of deposition transcripts to ABF because ABF used those copies and videotapes to "defend the lawsuit, ... to prepare for trial, ... to prepare witnesses for trial, to question witnesses in subsequent depositions, and for counsel to prepare for depositions and trial, including counsel's anticipated argument at trial." But these are ordinary expenses of prosecuting or defending a lawsuit for which there is no recovery authorized by statute or rule. *See Griffin*, 2009 WL 1493467, at *6; *Willard M, L.L.C.*, 221 S.W.3d at 125; *Shaikh*, 127 S.W.3d at 82.

Because we have concluded that the costs to videotape depositions and obtain copies of deposition transcripts are not taxable as costs, we further conclude that the trial court abused its discretion by awarding those costs for good cause.

We sustain appellants' two issues.

### CONCLUSION

The trial court did not have the benefit of our analysis at the time it denied the motion to retax costs. Accordingly, we believe the best resolution is to give the trial court the opportunity to recalculate the taxable costs. We vacate the trial

---

**2.** *See Operation Rescue*, 937 S.W.2d at 87.

**3.** *See Fasken Land & Minerals*, 225 S.W.3d at 596; *Brice*, 61 S.W.3d at 480–81.

court's order and remand this cause for further proceedings.