NO. 07-11-0193-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 20, 2012
_____

DAVID H. SPEARS, INDIVIDUALLY, AND SPEARS
FURNITURE OF LUBBOCK, INC., A TEXAS CORPORATION,

                                                              Appellants
                                    v.

GENA GAIL HUBER,
                                                              Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2007-560,032; HONORABLE LARRY B. "RUSTY" LADD, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK  and PIRTLE, JJ.

David H. Spears, individually and Spears Furniture of Lubbock, Inc. (collectively referred to as Spears), appeals from a judgment in favor of his former employee Gena Gail Huber (Huber).  Huber recovered damages from Spears under the theories of quantum meruit and conversion.  They related to her discharge from Spears and its disposition of her property.  Through five issues, Spears contends that 1) the award on the quantum meruit claim is not supported by legally or factually sufficient evidence, 2) the award on the conversion claim is not supported by legally or factually sufficient

evidence, 3) the trial court erred in calculating prejudgment interest, 4) the trial court erred in failing to require Huber to segregate her attorney's fees, and 5) the trial court erred in awarding court costs in excess of the clerk's bill of costs. We affirm in part and reverse in part.

*Background*

Huber sold furniture for Spears on a commission basis. Depending on the person to whom the furniture was sold, she would receive 6% to 8% of her net sales. Several sales had been or were in the process of being completed when Spears fired her. The company agreed that some commissions were due her but a dispute arose as to the amount. It also disposed of a number of furniture catalogs she owned and had at her place of employment before she could retrieve them. Seeking recompense for the outstanding commissions and destroyed property, Huber sued Spears for quantum meruit and conversion, respectively.

*Issue One – Quantum Meruit*

As previously mentioned, Spears contends that the damages awarded per the claim of quantum meruit lacked legally and factually sufficient evidentiary support. We overrule the issue.

No one questions that some commissions were due Huber. Nor does anyone dispute that they were recoverable under the theory of quantum meruit.[1]

---

[1]We mention this because quantum meruit is applicable where no express contract exists between the parties. *Concept Gen. Contr., Inc. v. Asbestos Maint. Servs.*, 346 S.W.3d 172, 185 (Tex. App.–Amarillo 2011, pet. denied). However, it would seem as though the parties had an agreement *viz* the payment of commissions and the rate at which they were paid. But, since no one questions the application of the theory, we will not either.

In reviewing a legal sufficiency challenge, we consider the evidence in the light most favorable to the trial court's finding and credit favorable evidence if a reasonable factfinder could have done so and disregard contrary evidence unless a reasonable factfinder could not have done so. *City of Keller v. Wilson,* 168 S.W.3d 802, 827-28 (Tex. 2005). In reviewing a factual sufficiency challenge, we consider and weigh all of the evidence and set aside the trial court's finding only if the evidence is so weak or the finding so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Dow Chemical Co. v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001).

Next, via quantum meruit, one can recover for the reasonable value of the services rended. *Concept Gen. Contr., Inc. v. Asbestos Maint. Servs.,* 346 S.W.3d 172, 185 (Tex. App.–Amarillo 2011, pet. denied). The record before us contains evidence that Huber received 6 to 8% of the net sales as a commission. Because the parties used those rates to make their own calculations of what was due Huber, we will assume, for purposes of this appeal, that they reflect the reasonable value of her services. The record further contains some evidence that the net sales in question approximated $166,546. Eight percent of that number approximates $13,323 while six percent approximates $9,992. The trial court awarded her $11,045.08. As can be seen, the latter falls within the range of reasonable compensation calculated above. And, Spears cites us to no cases holding, as a matter of law, that taxes must be deducted from the award; nor were we cited to evidence indicating that in calculating the reasonable value of the services, taxes must be deducted.[2] Consequently, the trial court's decision has the support of both legally and factually sufficient evidence.

---

[2]The result may have differed if Huber sued upon the terms of her oral employment contract. But, she opted to recover under quantum meruit which allowed her to recover the reasonable value of her

3

*Issue Two – Conversion*

Spears next questions the legal and factual sufficiency of the evidence underlying the $2,500 awarded Huber as damages for its conversion of her furniture books. We sustain the issue.

One seeking damages for conversion is entitled to 1) the return of his property and damages for its loss of use during its detention or 2) the value of the property. *Wiese v. ProAm Services, Inc.,* 317 S.W.3d 857, 862 (Tex. App.–Houston [14th Dist.] 2010, no pet.). The value of the property is generally its fair market value at the time and place of conversion. *Prewitt v. Branham,* 643 S.W.2d 122, 123 (Tex. 1982). Furthermore, market value is the price it would bring if offered for sale by a willing but not obligated seller and purchased by a willing but not obligated buyer. *Alan Reuber Chevrolet, Inc. v. Grady Chevrolet, Ltd.,* 287 S.W.3d 877, 889 (Tex. App.–Dallas 2009, no pet.).

When the converted property has no fair market value that is readily ascertainable, the damages are the actual value of the property to the owner at the time of its loss. *Crisp v. Sec. Nat'l Ins. Co.,* 369 S.W.2d 326, 329 (Tex. 1963). Moreover, a property owner may testify as to the value of her property even if she is not an expert. *Reid Road Mun. Utility Dist. No. 2 v. Speedy Stop Food Stores, Ltd.,* 337 S.W.3d 846, 852-53 (Tex. 2011). However, damages are limited to the amount necessary to compensate the plaintiff for the actual losses or injuries sustained as a natural and proximate result of the conversion. *United Mobile Networks, L.P., v. Deaton,* 939 S.W.2d 146, 148 (Tex. 1997).

---

services. And, whether the concept of "reasonable value" included or excluded income or like taxes payable to the government would seem to be a fact issue, especially since no one suggested otherwise.

Huber testified that each catalog taken by Spears was valued at $500. This sum was not based upon any market value, as that term is described above. Nor was it founded upon their replacement cost, if any. Instead, she related it to the amount of income it helped her earn. That is, she so valued the catalogs because 80% of her $60,000 annual income resulted from her use of them, and the value of the books lay in "how much you use them and how much money they provide for your income." Thus, it appears that she opted to calculate her damages based upon the actual losses or injuries she sustained as a natural and proximate result of the conversion.

Yet, following Huber's methodology as a means of calculating her damages would lead one to conclude that their value was directly related to the loss of business experienced before and after destruction of the books. Indeed, if they were gone but she maintained her $60,000 income, she would have suffered no damages under her theory. Or, if her income dropped to nothing because of their absence, then they would have a greater value. This, then, also would mean that it was incumbent upon her to establish the reduction in income suffered due to their absence. But, she did not. From the time of her discharge until her being hired by another furniture dealer four years later, Huber did not engage in the business of furniture sales. Thus, there is no evidence that Spears' destruction of her catalogs proximately caused any loss to her income or other injury. To award her damages, therefore, was error.

*Issue Three – Prejudgment Interest*

Spears next argues that the trial court erred in awarding the amount of prejudgment interest it did. That amount equalled $2,320.37 and encompassed interest

5

accrued on the damages award under both theories of recovery, that is, quantum meruit and conversion. We sustain the issue.

Given our holding that no evidence supported the trial court's award of $2,500 as damages for conversion, prejudgment interest could not be awarded on that sum. So, the matter will need to be recomputed. And in recalculating the amount due, the trial court should take into consideration any unconditional tenders of payment made by Spears. *See Republic Underwriters Ins. Co. v. Mex-Tex., Inc.*, 150 S.W.3d 423, 426 (Tex. 2004) (holding that the delay penalty should be calculated on the amount ultimately determined to be owed less partial payments).

*Issue Four – Attorney's Fees*

Spears contends the trial court erred in not requiring Huber to segregate her attorney's fees between the claims for quantum meruit and conversion.[3] We overrule the issue.

A prevailing party must segregate recoverable from unrecoverable attorney's fees in all cases, *Varner v. Cardenas,* 218 S.W.3d 68, 69 (Tex. 2007), unless he meets his burden of establishing that discrete legal services were rendered with respect to both a recoverable and unrecoverable claim. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006). It is the type of legal services rendered that determines whether segregation is required, not simply the manner of pleading or the type of claim, *Gallagher Headquarters Ranch Dev., Ltd., v. City of San Antonio,* 269 S.W.3d 628, 642 (Tex. App.–San Antonio, pet. granted) or that the claims involve the same proof. *Allan v. Nersesova,* 307 S.W.3d 564, 573 (Tex. App.–Dallas 2010, no pet.).

---

[3]Attorney's fees are not generally recoverable on a conversion claim. *Broesche v. Jacobson*, 218 S.W.3d 267, 277 (Tex. App.–Houston [14th Dist.] 2007, pet. denied).

Huber's counsel testified that "the work expended towards the breach of contract claim was the same work that was expended relative to the conversion" and that "[n]o additional charges are made on account of any work relative to the conversion claim." While ordinarily one might assume that services expended for quantum meruit claims do not necessarily advance conversion claims, the trial court could have construed counsel's testimony to mean that Huber was not charged by her counsel for pursuing the conversion claims, *i.e.*, the fees sought omitted time spent developing the tort claim. *See Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d at 312-13 (stating that whether fees can be segregated is a mixed question of law and fact).

*Issue 5 – Bill of Costs*

Finally, Spears contests the amount of costs awarded in the judgment, especially the mediator's fee. We overrule the issue.

The clerk's certified bill of costs shows costs of $702 of which Spears had paid $432 and Huber had paid $270. However, the trial court did not award costs to Huber based on the certified bill of costs. The trial court awarded taxable costs of $1,129 which were based on a letter sent by Huber's counsel to the court showing a filing fee of $259, service of citation of $90, subpoena and witness fees of $130, and a mediator fee of $650. Spears contends that the letter is insufficient to support the award of the costs shown therein.

We review the trial court's award of costs for abuse of discretion. *See Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex. 1987). The general rule is that expenses incurred in prosecuting or defending a suit are not recoverable unless expressly provided for by statute, rule, or under principles of equity. *Gumpert v. ABF*

7

*Freight System, Inc.,* 312 S.W.3d 237, 239 (Tex. App.–Dallas 2010, no pet.). However, filing fees, subpoena fees, and citation fees are recoverable costs. *Allen v. Crabtree,* 936 S.W.2d 6, 8 (Tex. App.–Texarkana 1996, no writ); *Shenandoah Associates. v. J & K Properties, Inc.,* 741 S.W.2d 470, 487 (Tex. App.–Dallas 1987, writ denied).

No formal presentation of evidence of the amount of costs is required during trial as long as the party seeking costs notifies the court and the opposing party of them some time before the judgment is signed. *Varner v. Howe,* 860 S.W.2d 458, 466 (Tex. App.–El Paso 1993, no writ). That was done here.

As for the mediator's fee, when a mediator is appointed by the court, it may set a reasonable fee for the services of the mediator and tax the fee as costs of suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. §154.054 (West 2011); *Decker v. Lindsay,* 824 S.W.2d 247, 249 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding). Here, the trial court issued an amended scheduling order wherein it designated a deadline by which mediation would be conducted, informed the parties that the failure to schedule mediation by the deadline would result in mediation being held on the default mediation date, and that "if the parties have not attended mediation before appearing for this pretrial conference, a trial date will not be given and the parties will then be ordered back to mediation." Additionally, Huber's counsel testified that mediation occurred and she incurred a mediation fee of $650. Admittedly, there is no evidence of record that the trial court appointed a particular mediator. Yet, there is some evidence that mediation was ordered by the trial court via "a private mediator or with the Lubbock County Dispute Resolution Center" and a mediation fee was incurred as a result of that

order. And, that evidence is sufficient to satisfy the terms of §154.054 of the Texas Civil Practice and Remedies Code.

Based on the record, we cannot say the trial court abused its discretion in its award of court costs. The issue is overruled.

In sum, we reverse those portions of the judgment awarding 1) damages to Huber for the conversion of her catalogs by Spears and 2) prejudgment interest of $2,320.37. We affirm the remainder of the judgment, but remand the proceeding to the trial court for the recalculation of prejudgment interest.


Brian Quinn
Chief Justice