

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00462-CV

_____

DONALD W. READ, Appellant

V.

TDCJ POLICY AND JOHN FLOYD, Appellees

On Appeal from the 17th District Court
Tarrant County, Texas
Trial Court No. 017-306356-19

Before Sudderth, C.J.; Kerr and Wallach, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Pro se inmate Donald W. Read has filed a challenge to the trial court's order denying his motion to compel the trial-court clerk to issue citation, claiming that the order violates Texas Rule of Civil Procedure 145. *See* Tex. R. Civ. P. 145(f), (g)(1).

Read sued "TDCJ Policy" and John Floyd. Along with his original petition, Read filed a "Motion to Proceed Pursuant to Texas Civil Procedural Rule 145" with a statement from his inmate-trust-fund account attached.[1] Read later moved to compel the trial-court clerk to issue citation. The trial-court clerk wrote to him acknowledging the receipt of his motion and stating,

> We did not receive any extra copies of the pleading[s] for the issuance of citation. Copy fees are not covered under the Paupers Affidavit of Inability to Pay Cost. You will need to provide filed [sic] stamped copies of the pleadings that you would like to be attached to the citation or you may pay for copies (.50 per page).

*See generally* Tex. R. Civ. P. 99(a) ("The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition."), (d) ("The party filing any pleading upon which citation is to be issued and served shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served, and when copies are so furnished the clerk shall make no charge for the copies.").

Read countered that because he was considered indigent under Texas Rule of Civil Procedure 145, he was not required to pay for copying costs. *See* Tex. R. Civ. P.

---

[1]Read later filed a rule-compliant statement of inability to afford court costs. *See* Tex. R. Civ. P. 145(b).

145(a) (providing that declarant who files a Statement of Inability to Afford Payment of Court Costs cannot be required to pay costs and that after such a statement is filed, "the clerk must docket the case, issue citation, and provide any other service that is ordinarily provided to a party"), (c) (defining "costs" to mean "any fee charged by the court or an officer of the court that could be taxed in a bill of costs, including, but not limited to, filing fees, fees for issuance and service of process, fees for a court-appointed professional, and fees charged by the clerk or court reporter for preparation of the appellate record").

After a hearing, the trial court denied Read's motion. Read appealed, claiming that the trial court's order violated Rule 145. *See* Tex. R. Civ. P. 145(g)(1) (allowing declarant to challenge an order issued by the trial court under Rule 145 by motion filed in appellate court). We thus construed his notice of appeal as a motion challenging the trial court's order under Rule 145 and ordered the trial-court clerk and the court reporter "to prepare and file the record of all trial[-]court proceedings on [Read's] claim of indigence," including the record of the hearing on Read's motion to compel the trial-court clerk to issue citation. *See* Tex. R. Civ. P. 145(g)(1), (g)(3).

After reviewing the reporter's record from the hearing, along with the clerk's record and the supplemental clerk's record, we were concerned that the trial court's order merely denied Read free copies of his petition and was not an order requiring him to pay costs under Texas Rule of Civil Procedure 145(f). *See* Tex. R. Civ. P. 145(f) (limiting the trial court's ability to order a declarant to pay costs). Under Rule 145,

3

Read is exempt from paying those costs charged by the court or an officer of the court that could be taxed in a bill of costs. Tex. R. Civ. P. 145(a), (c) (limiting "costs" to mean "any fee charged by the court or an officer of the court that could be taxed in a bill of costs"). Copy costs are not taxable unless a statute or rule requires copies to be made. *See* Tex. R. Civ. P. 140 ("No fee for a copy of a paper not required by law or these rules to be copied shall be taxed in the bill of costs."); *see, e.g.*, *Ferry v. Sackett*, 204 S.W.3d 911, 913 (Tex. App.—Dallas 2006, no pet.) (concluding that because Rule 203.4 requires the deposition officer to make copies of original documents marked for identification and attach them to the original deposition transcript, Rule 140 did not prohibit copying fees for documents attached to deposition upon written questions). No statute or rule requires the trial-court clerk to make copies of the petition for service; Read is required to furnish those copies to the clerk. *See* Tex. R. Civ. P. 99(d). The cost of copying the petition is thus not a "cost" as defined by Rule 145.

Because the trial court's order did not appear to be an order requiring Read to pay costs under Rule 145(f) and was not a final judgment or an appealable interlocutory order, we were then concerned that we lacked jurisdiction over the appeal. We wrote to Read informing him of our concern and warned him that we could dismiss his appeal for want of jurisdiction unless he filed a response showing grounds for continuing this appeal. *See* Tex. R. App. P. 42.3(a), 44.3.

Read has filed a response, but it does not show grounds for continuing this appeal. Because the trial court's "Order Denying Donald W. Read's Motion to Order

Clerk to Issue Citation" is not a final judgment, appealable interlocutory order, or an order requiring Read to pay costs under Rule 145(f), we lack jurisdiction to consider this appeal. *See In re Roxsane R.*, 249 S.W.3d 764, 774–75 (Tex. App.—Fort Worth 2008, orig. proceeding) ("Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal."); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (listing orders from which interlocutory appeals may be taken); Tex. R. Civ. P. 145(f), (g). We therefore dismiss this appeal for want of jurisdiction.[2] *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  April 2, 2020

---

[2]Read's related appeal in cause number 02-20-00039-CV remains pending at this time.