

# NUMBER 13-21-00100-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ARTURO GARCIA AND
AURELIA GARCIA,** Appellants,

**v.**

**HEB GROCERY CO.,** Appellee.

---

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

---

# OPINION

### Before Chief Justice Contreras and Justices Longoria and Silva
### Opinion by Justice Longoria

Appellants Arturo Garcia and Aurelia Garcia challenge the trial court's award of

certain costs to appellee H.E. Butt Grocery Company, L.P. (HEB).[1] By one issue with

---

[1] Appellee was named as "HEB Grocery Co." in appellants' original petition and in the style of the final judgment. In its motion for entry of final judgment, appellee referred to itself as "H-E-B, L.P. incorrectly named HEB GROCERY CO." The body of the final judgment, which was drafted by appellee, refers to

multiple subparts, appellants contend the trial court abused its discretion in taxing certain expenses as court costs. We reverse the trial court's order and remand for further proceedings.

## I. BACKGROUND

Appellants filed suit against HEB seeking compensation for personal injuries arising out of a slip and fall incident that occurred at an HEB grocery store. A jury returned a verdict in favor of HEB. HEB filed a motion for entry of final judgment, to which it attached a Bill of Costs detailing the costs it sought to recover. HEB also attached a proposed judgment which would award HEB $12,308.53 in costs of court. Appellants responded, objecting to some of the costs sought by HEB. Specifically, appellants objected to costs related to: video recording of depositions, copies of deposition transcripts, video trial support, "Shana Lively Transcripts," medical records, and "'e[-]filing fees' not shown to be costs incurred in making necessary filings." The trial court entered the final judgment as proposed by HEB, providing that appellants would take nothing by way of their claims and awarding HEB $12,308.53 in costs. This appeal ensued.

## II. ANALYSIS

### A. Standard of Review & Applicable Law

A successful party in a lawsuit is entitled to recover its costs from its adversary. TEX. R. CIV. P. 131. We review an award of costs under an abuse of discretion standard. *Mitchell v. Bank of Am., N.A.*, 156 S.W.3d 622, 630 (Tex. App.—Dallas 2004, pet. denied).

___

appellee as "H-E-B, L.P. incorrectly named H.E. BUTT Grocery Company, L.P." On appeal, appellee refers to itself as "H.E. Butt Grocery Company, L.P." It is undisputed that all of these monikers refer to the same party.

We may reverse a trial court for abuse of discretion only if, after searching the record, it is clear the court's decision was arbitrary and unreasonable. *See City of Houston v. Woods*, 138 S.W.3d 574, 580 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987)).

"The general rule in Texas is that expenses incurred in prosecuting or defending a suit are not recoverable as costs unless recovery for those items is expressly provided for by statute, rule, or under principles of equity." *Gumpert v. ABF Freight Sys., Inc.*, 312 S.W.3d 237, 239 (Tex. App.—Dallas 2010, no pet.) (citing *Ferry v. Sackett*, 204 S.W.3d 911, 912 (Tex. App.—Dallas 2006, no pet.); *Phillips v. Wertz*, 579 S.W.2d 279, 280 (Tex. App.—Dallas 1979, writ ref'd n.r.e.); *Shaikh v. Aerovias de Mexico*, 127 S.W.3d 76, 82 (Tex. App.—Houston [1st Dist.] 2003, no pet.)). Whether a particular expense is recoverable under statute or rule as a court cost is a question of law, which we review de novo. *Sackett*, 204 S.W.3d at 912.

A judge of any court may include in any order or judgment all costs, including the following:

(1) fees of the clerk and service fees due the county;

(2) fees of the court reporter for the original of stenographic transcripts necessarily obtained for use in the suit;

(3) masters, interpreters, and guardians ad litem appointed pursuant to these rules and state statutes; and

(4) such other costs and fees as may be permitted by these rules and state statutes.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b).

3

**B. Recoverable Court Costs**

Appellants make general assertions that costs of video recordings of depositions, copies of deposition transcripts, and "video trial support" are not recoverable as court costs.[2] Citing Texas Rule of Civil Procedure 140 and several cases, appellants argue that the trial court erred in awarding such expenses as court costs. *See In re Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d 168, 175 (Tex. 2013) (orig. proceeding); *Hatfield v. Solomon*, 316 S.W.3d 50, 66 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Gumpert*, 312 S.W.3d at 240–42 (holding costs related to copying deposition transcripts and videotaping depositions are not recoverable); *Matbon. Inc. v. Gries*, 288 S.W.3d 471, 487 (Tex. App.—Eastland 2009, no pet.) (same); *Shaikh*, 127 S.W.3d at 82; *see also Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, No. 03-10-00826-CV, 2014 WL 6705741 at *5 (Tex. App.—Austin Nov. 14, 2014, no pet.) (mem. op.) (same). In response, HEB, noting a split in Texas courts, cites cases supporting its position that the trial court did not err in awarding these costs. *See Crescendo Invs. Inc. v. Brice*, 61 S.W.3d 465, 480–81 (Tex. App.—San Antonio 2001, pet. denied) (holding that "[t]ranscripts 'necessarily obtained for use in the suit' seems to obviously include depositions . . . used to question witnesses and prepare for argument at trial" and allowing those costs to be

---

[2] HEB argues that appellants inadequately briefed the issue of whether costs for video recordings of depositions and "video trial support" can be recovered. While appellants' brief does not elaborate on the issue, it does provide legal authority to support their position regarding video recordings of depositions. Accordingly, waiver being disfavored, we will address appellants' issue related to video recordings of depositions in this memorandum opinion. *See Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam) ("Appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver. Simply stated, appellate courts should reach the merits of an appeal whenever reasonably possible." (internal citations omitted)). As to "video trial support," the cases cited by appellants do not pertain to the issue raised. Liberal construction in the interest of justice is not possible where there is total lack of argument concerning a particular issue. Appellants did not provide additional explanation, argument, or support, and as such, we find they have waived their issue concerning "video trial support" on appeal. *See* TEX. R. APP. P. 38.1(i).

recovered); *see also Weeks Marine, Inc. v. Barrera*, No. 04-08-00681-CV, 2010 WL 307878, at *5 (Tex. App.—San Antonio Jan. 27, 2010, pet. denied) (mem. op.) (same).

The issue of whether the costs of videotaping depositions and copies of deposition transcripts are taxable as court costs are issues of first impression in this Court. We find appellants' cited cases persuasive.

> The statute that applies here specifically limits recovery of costs to the "fees of the court reporter for the *original* of *stenographic* transcripts necessarily obtained for use in the suit" and "such other costs and fees as may be permitted by these rules and state statutes." TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b)(2), (4) (emphasis added)[;] [s]ee TEX. R. CIV. P. 203.2(f) (stating clerk of court must tax charges for preparing *original* deposition transcript as costs). Civil procedure rule 140 specifically states that "[n]o fee for a copy of a paper not required by law or these rules to be copied shall be taxed in the bill of costs." TEX. R. CIV. P. 140. We have not found any rule or statute that requires a party to videotape a deposition or to obtain a copy of a deposition, and [appellee] cites to none. And we do not find any language in an applicable statute or rule that allows a party to recover as costs the expenses of videotaping depositions or copying deposition transcripts, or any general language that allows recovery as costs for expenses that were "necessary to the conduct of trial" or "necessarily obtained for use in the suit and were used to question witnesses and prepare for argument at trial."

*Gumpert*, 312 S.W.3d at 241–42 (footnotes omitted). Here, appellants argue that HEB was awarded costs related to video recording depositions as well as for copies of transcripts of depositions that were noticed and taken by appellants. We find no statute or rule that authorizes the recovery of the costs to videotape a deposition or obtain a copy of a deposition transcript, therefore, we conclude that the trial court erred by awarding HEB those costs. *See id.; Matbon*, 288 S.W.3d at 487; *Shaikh*, 127 S.W.3d at 82; *see also Waste Mgmt. of Tex.*, 2014 WL 6705741 at *5; *but see Crescendo Invs. Inc*, 61 S.W.3d at 481; *Weeks Marine, Inc.*, 2010 WL 307878, at *5. We sustain appellants' issue

5

as it relates to costs for video recordings of depositions and copies of deposition transcripts.

**C.      Recoverable Expenses**

Appellants next assert that the trial court erred in awarding HEB costs for the "Shana Lively Transcripts" and for "e[-]filing fees" that were not shown to be fees of the clerk.

### 1.      Transcripts

The "Shana Lively Transcripts" are the transcripts of pre-trial hearings reported by Shana Lively, the court reporter for the 398th District Court. The civil practice and remedies code expressly authorizes the trial court to include in the judgment "fees of the court reporter for the original of stenographic transcripts necessarily obtained for use in the suit." TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(b)(2). Because these costs are explicitly provided for by statute, the trial court did not err in awarding them. Appellants' issue as it relates to the "Shana Lively Transcripts" is overruled.

### 2.      Electronic Filing Fees

Appellants further assert that the trial court erred in awarding electronic filing fees, to HEB because "HEB presented no such proof" that these expenses were "shown to be fees of the clerk." The statute expressly permits an award for "fees of the clerk and service fees due the county." *Id.* § 31.007(b)(1). Electronic filing is an appropriate—and in some courts, mandatory—method by which parties may file and serve pleadings and motions. *See* TEX. R. CIV. P. 21(f). Use of the electronic system in Texas is free. *Price Structure*, EFILETEXAS, https://www.efiletexas.gov/Service-Providers/StateEFSP.htm (last visited

Jan. 17, 2023). However, there are fees assessed by and collected by the clerk when a document is e-filed. Accordingly, the trial court did not err in awarding costs for the clerk's fees associated with e-filing. *See Allen v. Crabtree*, 936 S.W.2d 6, 8 (Tex. App.—Texarkana 1996, no writ); *Shenandoah Assocs. v. J & K Props., Inc.*, 741 S.W.2d 470, 487 (Tex. App.—Dallas 1987, writ denied); *see also Spears v. Huber,* No. 07-11-0193-CV, 2012 WL 933780, at *4 (Tex. App.—Amarillo Mar. 20, 2012, no pet.) (mem. op.). Appellants' issue is overruled as it relates to e-filing fees.

### D.    Evidence to Support Bill of Costs

In their final argument, appellants contend that HEB did not present evidence to support the listed expenses. "Each party to a suit shall be responsible for accurately recording all costs and fees incurred during the course of a lawsuit, if the judgment is to provide for the adjudication of such costs." TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(a). There is no requirement in § 31.007(a) for a formal presentation of evidence of HEB's costs. *See Nolte v. Flournoy*, 348 S.W.3d 262, 271 (Tex. App—Texarkana 2011, pet. denied); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 31.007(a). Instead, "[a]ll that seems to be required is that the successful party present . . . an itemized list of costs and fees incurred during the lawsuit." *Nolte*, 348 S.W.3d at 271; *see Johnson v. Ventling*, 462 S.W.3d 92, 104–05 (Tex. App.—Corpus Christi–Edinburg 2013), aff'd in part, rev'd in part, 466 S.W.3d 143 (Tex. 2015). Here, HEB presented an itemized list of costs and fees incurred during the lawsuit. Therefore, we cannot say the trial court abused its discretion in awarding costs. Appellants' issue as it relates to evidentiary support for the bill of costs is overruled.

7

## E.  Summary

The trial court did not have the benefit of our analysis at the time it denied the motion to retax costs. Accordingly, we believe the best resolution is to give the trial court the opportunity to recalculate the taxable costs consistent with our analysis. *See Gumpert*, 312 S.W.3d at 242.

## III.  CONCLUSION

We reverse the trial court's order and remand this cause for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed on the
16th day of February, 2023.

8